George L. Reilly, Receiver of Deerfield Lumber & Fuel Co., Inc., Aetna Plywood & Veneer Co., Morgan Sash & Door Company, and Fiddes Moore & Company, Plaintiffs-Appellants, v. Edward F. Segert, et al., Des Lauriers Column Mould Co., Inc., and Walter Bischoff, Defendants-Appellees. Robert G. Folger, et al., Defendants.

Gen. No. 11,785.

Second District, Second Division.

December 5, 1963.

Max Chill and Theodore D. Kahn, both of Chicago (Max Chill and George D. Karcazes, of counsel), for appellants.

Altheimer, Gray, Naiburg, Strasburger & Lawton, all of Chicago (Alan J. Altheimer, Lionel G. Gross and Howard L. Kastel, of counsel), for defendants-appellees, Des Lauriers Column Mould Co., Inc., and Walter Bischoff. Singer, Singer & Singer, all of Highland Park, for defendant-appellee, Paul J. Keller. Runyard, Behanna, Conzelman & Schultz, all of Waukegan (John E. Schultz, of counsel), for defendant-appellee, Henry C. Hohlfelder.

WRIGHT, J.

A complaint in equity was filed in the Circuit Court of Lake County, Illinois, by plaintiffs, George L. Reilly, as receiver of Deerfield Lumber & Fuel Co., Inc., and Aetna Plywood & Veneer Company; Morgan Sash & Door Company and Fiddes Moore & Company, as creditors, of Deerfield Lumber & Fuel Company, Inc., an insolvent Illinois Corporation, against defendants, Robert G. Folger, Marion Folger, Richard C. Folger and Ray Busch, Sr., as directors, of said corporation, and Edward F. Segert, Henry C. Hohlfelder, Paul J. Keller, Des Lauriers Column Mould Company, Inc., and Walter Bischoff, as stockholders of said corporation.

The complaint contains ten counts. Counts I, III, V, VII and IX are directed against the defendant directors under Section 42 of the Business Corporation Act (Ill Rev Stats 1961, c 32, § 157.42) and Counts II, IV, VI, VIII and X are directed against defendant stockholders under Section 6 of the Business Corporation Act (Ill Rev Stats 1961, c 32, § 157.6). Plaintiffs seek judgment from the defendant directors and defendant stockholders in the amount of the purchase price of stock purchased by Deerfield Lumber & Fuel Company, Inc., from defendant stockholders.

The trial court entered judgment for the plaintiffs and against the defendant directors on each of Counts

I, III, V, VII and IX in the amount of the claimed damages. Motions were filed by each of the defendant stockholders to strike Counts II, IV, VI, VIII and X on the ground that no cause of action was stated against these defendants under Section 6 of the Business Corporation Act (Ill Rev Stats c 32, § 157.6). The trial court granted the motions and on August 17, 1962, entered an order striking Counts IV, VIII and X of said complaint and on January 30, 1963, entered an order striking Counts II and VI of said complaint. From these orders plaintiffs appeal.

The question before this court on appeal is whether Counts II, IV, VI, VIII and X of the complaint state a cause of action under Section 6 of the Business Corporation Act (Ill Rev Stats 1961, c 32, § 157.6) against the defendant stockholders. Each of the aforesaid counts are directed against a different shareholder and contain substantially the same allegations and will be considered as one count in this opinion.

Each count of the complaint alleges in substance that the directors of Deerfield Lumber & Fuel Company, Inc., voted to purchase the stock of defendant shareholder for an enumerated sum of money and that said corporation, through its officers and directors, paid the said sum of money to the defendant for which the defendant transferred his stock to said corporation at a time when the corporation was insolvent and its net assets were less than its stated capital and the purchase of stock rendered the corporation insolvent, and that at the time of the purchase of the stock plaintiffs were creditors of said corporation. Plaintiffs seek judgment against the defendant shareholder for the sum paid to him for his shares.

Plaintiffs contend that under Section 6 of the Business Corporation Act (Ill Rev Stats 1961, c 32, § 157.-6) the purchase of its own shares by a corporation when it is insolvent or when such purchase would

345

render it insolvent is void, and that the creditors of the corporation may proceed directly against shareholders who sold their stock to the corporation without showing that the shareholders knew the facts which made the purchase improper and that, therefore, the trial judge erred in striking Counts II, IV, VI, VIII and X of the amended complaint.

It is the theory of the defendants that if at the time the Deerfield Lumber & Fuel Co., Inc., allegedly purchased its own shares, it was insolvent, or if the purchase rendered it insolvent as alleged in the amended complaint, then the remedy of its creditors is established and controlled specifically by Section 42 of the Business Corporation Act (Ill Rev Stats 1961, c 32, § 157.42) which provides that the directors of the corporation are liable for the distribution of corporate assets when a corporation is insolvent or when such distribution renders the corporation insolvent.

Plaintiffs in support of their theory cite Clapp v. Peterson, 104 Ill 26; Singer v. Hutchinson, 183 Ill 606, 56 NE 388 and Johnson v. Canfield-Swigart Co., 292 Ill 101, 126 NE 608. These cases support the right of creditors of a corporation to proceed directly in equity against shareholders who sell their shares to a corporation when it is insolvent or at a time when the purchase of such shares would render the corporation insolvent on the theory that the capital stock and property of a corporation is a trust fund for the payment of its debts, and that any assets of the corporation in the hands of a shareholder are regarded in equity as property of the corporation and subject to claims of creditors. They were all instituted and decided prior to the enactment of the Business Corporation Act and liability was not based upon a statutory violation as in the instant case.

Plaintiffs also cite and rely upon Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30, 183 NE2d 547.

In that case an action was brought against the directors of the corporation for an alleged violation of Sections 6 and 42 of the Business Corporation Act and is authority for the direct liability of the directors and in no way establishes that a creditor may bring a direct action against a shareholder under the act.

Section 6 of the Business Corporation Act provides that a corporation may not purchase its own shares at a time when the corporation is insolvent or when such purchase would render the corporation insolvent, and Section 42 of the Act imposes liability upon directors of a corporation who vote or assent to the declaration of any dividend or other distribution of the assets of a corporation to its shareholders when at the time of such payment or distribution the corporation is insolvent or its net assets is less than its stated capital. Section 42 also provides that any director against whom a claim is asserted for the improper declaration of a dividend or other distribution of assets of a corporation and who is held liable thereon is entitled to contribution from shareholders who knowingly accepted or received any such dividend or assets in proportion to the amounts received by them.

The foregoing section in no way establishes that shareholders selling shares of a corporation to the corporation at a time when such sale would render the corporation insolvent are liable and may be sued directly. In fact, Section 6 establishes no remedies for its violation but relies instead upon the provisions set forth in Section 42 of the Act and under this section creditors may proceed directly against the directors of a corporation who sell shares of the corporation at a time when it is insolvent or at a time when such purchase would render the corporation insolvent, and further provides that directors held liable are entitled to contribution from shareholders selling their shares

347

to the corporation but there is no provision under this section for a direct action against the shareholder.

We conclude from the foregoing provisions of the Business Corporation Act that shareholders who sell shares to a corporation when it is insolvent or when the purchase of such shares would render it insolvent are not made directly liable by such sale but are only liable to the directors for contribution after a claim has been established against the directors, and since Counts II, IV, VI, VIII and X are based solely upon a violation of Section 6 of the Business Corporation Act, the trial court properly dismissed said counts.

For the reasons herein stated, the orders of the trial court are affirmed.

Affirmed.

CROW, P. J. and SPIVEY, J., concur.