(Nos. 38367, 38372, Cons.—

GEORGE L. REILLY, Receiver of Deerfield Lumber & Fuel Co., Inc., *et al.*, Appellants, *vs.* EDWARD F. SEGERT *et al.*, Appellees.

*Opinion filed September 29, 1964.*

THEODORE D. KAHN, of Chicago, (MAX CHILL and GEORGE D. KARCAZES, of counsel,) for appellants.

ALTHEIMER, GRAY, NAIBURG, STRASBURGER & LAWTON, of Chicago, and RUNYARD, BEHANNA, CONZELMAN & SCHULTZ, of Waukegan, (JOHN E. SCHULTZ and HOWARD L. KASTEL, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Prior to the enactment of the Business Corporation Act of 1933, it was settled that a shareholder of a corporation who sold his stock to the corporation while it was insolvent was liable to an injured creditor of the corporation for the amount paid to the shareholder for his stock. (*Singer* v. *Hutchinson,* 183 Ill. 606; *Johnson* v. *Canfield-Swigart Co.* 292 Ill. 101.) This liability was based upon the adverse effect of the transaction upon creditors, and not upon the guilt or innocence of the shareholder, who was held liable even though there was no evidence of fraud. (*Clapp* v. *Peterson,* 104 Ill. 26, 31.) The question for decision in this case is whether or not this liability was repealed by section 42 of the Business Corporation Act. (Ill. Rev. Stat. 1959, chap. 32, par. 157.42.) The circuit court of Lake County held that it was, the Appellate Court affirmed, (44 Ill. App. 2d 343) and we allowed leave to appeal.

The plaintiffs are George L. Reilly, the receiver of Deerfield Lumber & Fuel Co., Inc. and three creditors of that company. The defendants are the directors of the company and five shareholders. The complaint alleged that the directors authorized purchases of stock from the defendant shareholders at a time when the corporation was insolvent and had no earned surplus. The directors defaulted, and judgments were entered against them for the amounts paid to the defendant shareholders for their stock. No appeal was taken from the judgments so entered, and we are not concerned with them.

Those counts of the complaint, however, that asserted liability against the defendant shareholders, were dismissed upon motion, and final judgments were entered against the plaintiffs on those counts. The judgments thus entered were based upon the proposition that section 42 of the Business Corporation Act (Ill. Rev. Stat. 1959, chap. 32, par.

157.42) affords the only remedy available, and that it does not authorize an action directly against shareholders.

The portions of section 42 that are relied upon to support the judgment are as follows:

"In addition to any other liabilities imposed by law upon directors of a corporation:

"(a) Directors of a corporation who vote for or assent to the declaration of any dividend or other distribution of the assets of a corporation to its shareholders shall be jointly and severally liable to the corporation for the amount of such dividend which is paid or the value of such assets which are distributed if, at the time of such payment or distribution, the corporation is insolvent or its net assets are less than its stated capital.

"(b) The directors of a corporation who vote for or assent to the declaration of any dividend or other distribution of assets of a corporation to its shareholders which renders the corporation insolvent or reduces its net assets below its stated capital shall be jointly and severally liable to the corporation for the amount of such dividend which is paid or the value of such assets which are distributed, to the extent that the corporation is thereby rendered insolvent or its net assets are reduced below its stated capital.

\* \* \*

"Any director against whom a claim shall be asserted under or pursuant to this section for the improper declaration of a dividend or other distribution of assets of a corporation and who shall be held liable thereon, shall be entitled to contribution from the shareholders who knowingly accepted or received any such dividend or assets, in proportion to the amounts received by them respectively."

In our opinion section 42 does not preclude this action against the shareholders. Even as to the liability of directors, its language makes it clear that it was not designed to provide an exclusive remedy, for the liabilities with which it

deals are expressly stated to be "in addition to any other liabilities imposed by law upon directors of a corporation." In the absence of this specific disclaimer, the result would be the same. "Where a liability is imposed upon an officer of [sic] a director by a state statute, his common-law liability for misfeasance and negligence in the performance of his duties is not thereby excluded." 3 Fletcher, Cyclopedia of Corporations, sec. 993.

In this case, moreover, we are concerned with the direct liability of shareholders, a subject with which section 42 does not purport to deal. The existence of a statutory provision dealing with the liability of directors does not preclude a non-statutory liability on the part of shareholders. When *Clapp* v. *Peterson,* 104 Ill. 26, and other decisions dealing with the liability here asserted were decided, statutes which provided specific liabilities for particular misconduct of directors were in effect. Yet those provisions of the Corporation Act of 1872 and the General Corporation Act of 1919 did not bar the creditor's common law action against shareholders who sold their stock to the corporation while it was insolvent.

A further word is appropriate to prevent misapprehension as to our understanding of section 42. Both parties appear to have assumed that the section applies to purchases by a corporation of its own stock at a time when the corporation is insolvent, and we have dealt with the case on that assumption. The section does not, however, expressly mention such transactions, and it can apply to them only if a "distribution" of assets is construed to include payment by the corporation to a shareholder for his stock. From the language of section 42 it seems likely that it pertains to outright distributions of corporate assets to all shareholders, by dividend or otherwise, and questionable whether it includes as a corporate "distribution" a corporation's purchase of its stock from a particular shareholder. That question has not been argued, however, and we ex-

press no opinion concerning it. But see *Precision Extrusions, Inc.* v. *Stewart,* 36 Ill. App. 2d 30, 43.

The judgment of the Appellate Court is reversed, and the cause is remanded to the circuit court of Lake County for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*