THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY B. ALLEN, Defendant-Appellant.

Third District   No. 3—83—0342

Opinion filed April 16, 1984.

HEIPLE, J., dissenting.

Robert Agostinelli and Jean Herigodt, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorney's Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On October 14, 1982, defendant, Terry Allen, was charged in the circuit court of Peoria County by information with the unlawful restraint and deviate sexual assault of Christine Ray, pursuant to sections 10—3 and 11—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 10—3, 11—3). On November 5, 1982, the State petitioned to have Allen declared a sexually dangerous person under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1981, ch. 38, art. 105). Two psychiatrists were appointed and ordered to examine and evaluate the defendant. After a probable cause hearing, the criminal charges were dropped. Defendant was then recharged by indictment, the petition to declare defendant a sexually dangerous person was reinstated and defendant waived his right to a jury.

The cause proceeded to a bench trial on March 4, 1983. Both court-appointed psychiatrists testified as well as the alleged victim, Christine Ray. The defense presented no evidence. The court found that the State had proven defendant a sexually dangerous person. We do not agree that the defendant could have been proven sexually dangerous beyond a reasonable doubt based upon the evidence.

The applicable statutory provision, section 1.01, defines sexually dangerous persons as

"All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition *** coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault *** are hereby declared sexually dangerous persons." (Ill. Rev. Stat. 1981, ch. 38, par. 105—1.01.)

These three elements, (1), the one-year provision; (2), a propensity to commit sexual offenses, and (3), demonstrated propensities toward acts of sexual assault, must all be proven beyond a reasonable doubt. (*People v. Pembrock* (1974), 23 Ill. App. 3d 991, 320 N.E.2d 470.) In this case the psychiatric testimony of the court-appointed psychiatrists, Drs. Colen and Beck, must have been relied upon by the court

to establish all of these elements of the offense because Christine Ray's testimony pertains to only one incident of sexual assault which occurred only a few weeks previous to the filing of the petition and the defendant had no previous convictions. Therefore, the psychiatric testimony must have been used by the trial court to establish that the defendant had had a mental disorder for one year previous to filing the petition, that defendant had a propensity to commit sex offenses and to demonstrate the defendant's propensity toward acts of sexual assault. This psychiatric testimony was based solely upon statements made by the defendant and therefore the State made its entire case from the defendant's unwarned statements. This was clearly a violation of defendant's constitutional right not to be forced to incriminate himself.

■ Although a procedure under the Sexually Dangerous Persons Act is said to be civil in nature, criminal safeguards apply to the Act because implementation of the Act can result in a substantial deprivation of the defendant's liberty. (*United States ex rel. Stachulak v. Coughlin* (7th Cir. 1975), 520 F.2d 931.) Specifically, the right against self-incrimination applies (*People v. Capoldi* (1957), 10 Ill. 2d 261, 139 N.E.2d 776), and a defendant cannot be forced to make incriminating statements to a psychiatrist during a compulsory examination mandated by the statute. (*People v. English* (1964), 31 Ill. 2d 301, 201 N.E.2d 455.) The United States Supreme Court went even further in *Estelle v. Smith* (1981), 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866, in applying the privilege against self-incrimination to a compulsory psychiatric examination which was later used to establish the defendant's dangerousness by requiring *Miranda*-type warnings be given and counsel be offered previous to the compulsory examination. We find *Estelle v. Smith* (1981), 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866, directly applicable to the compulsory psychiatric examinations to which this defendant was subjected and which the trial court must have relied upon to establish all three elements which the statute required be satisfied in order to find the defendant a sexually dangerous person. The record clearly shows that defense counsel objected to the admission of the psychiatrists' testimony on the grounds that the defendant must not be forced to incriminate himself. Dr. Colen never warned the defendant that anything he said might later be used to find him sexually dangerous, nor did Dr. Beck give an adequate warning. Therefore, the trial court could not rely solely upon the defendant's unwarned statements to the psychiatrists to find the defendant a sexually dangerous person.

We have not lost sight of the fact that Christine Ray, a victim of

an alleged assault, testified in this proceeding. However, her testimony, even if sufficient to establish one act, pertained to only one act, which was not adequate to satisfy the multiple-acts requirement of the third element of the statutory definition. Also, no prior convictions were admitted in this case.

For the above reasons we reverse the decision of the circuit court of Peoria County.

Reversed.

ALLOY, J., concurs.

JUSTICE HEIPLE, dissenting:

Pursuant to section 4 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1981, ch. 38, par. 105—4) (hereinafter Act), the defendant was ordered to undergo psychiatric examinations to determine whether he was sexually dangerous. Two psychiatrists testified that based on their examinations, the defendant was mentally ill and exhibited propensities to commit sex crimes. The majority finds that this testimony was inadmissible because the defendant was not given *Miranda* warnings before the examinations in violation of his fifth amendment rights. I dissent.

The majority opinion proceeds from the erroneous premise that the defendant was compelled to incriminate himself because his statements to the psychiatrists were used to show that he was a sexually dangerous person. Not so. Proceedings under the Act are civil in nature. (Ill. Rev. Stat. 1981, ch. 38, par. 105—3.01.) Therefore, a defendant's statements are incriminating only if they expose the defendant to actual criminal prosecution as opposed to a determination of his civil mental status under the Act.

In *People v. English* (1964), 31 Ill. 2d 300, 307-08, the Illinois Supreme Court held that a defendant can be compelled to answer questions during a psychiatric examination under the Act so long as he is not·forced to make incriminating statements:

"We hold that the privilege against self-incrimination protects defendant from making any statements to the psychiatrists which may tend to incriminate him.

*This does not mean, however, that defendant is privileged from submitting to any examination.* In *People v. Greer*, 28 Ill. 2d 107, and *People v. Munziato*, 24 Ill. 2d 432, we held that the privilege protects only against testimonial compulsion. Thus, defendant can be compelled to submit [to] those parts of the ex-

amination which do not call upon his testimonial capacity, even though some of the information obtained may be incriminating; and he can, of course, be compelled to make replies as long as the questions do not require an answer which may tend to incriminate him." (Emphasis added.)

According to *English*, a defendant's privilege against self-incrimination does not extend to a disclosure of his mental condition unless it would also reveal criminal conduct independent of the defendant's status under the Act. The majority has departed from this rule by defining an incriminating statement as anything which is used to support a finding of sexual dangerousness. If this definition is followed, then a defendant may refuse to answer all questions during an examination on fifth amendment grounds. This is clearly contrary to *People v. English* (1964), 31 Ill. 2d 300.

*United States ex rel. Stachulak v. Coughlin* (7th Cir. 1975), 520 F.2d 931, does not support the majority's position. In *Coughlin*, the court held that in proceedings under the Act, the State must prove its case beyond a reasonable doubt. Although this requirement has been incorporated into the Act, proceedings thereunder remain civil in nature. Ill. Rev. Stat. 1981, ch. 38, par. 105—3.01.

*Coughlin* also held that the privilege against self-incrimination applied to the Act but did not discuss the issue in depth. Instead, the court cited with approval *People v. English* (1964), 31 Ill. 2d 300, which the majority has now rendered obsolete.

Likewise, *Estelle v. Smith* (1981), 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866, provides no authority for suppressing all unwarned statements made during a psychiatric examination under the Act. *Estelle* addressed the issue of a defendant's fifth amendment rights during a compulsory psychiatric examination prior to a death penalty hearing which is a criminal proceeding. *Estelle* should not be employed as a precedent in civil matters such as the present case.

In my opinion, the lack of *Miranda*-type warnings prior to the defendant's examinations should not render incriminating statements inadmissible in this proceeding. Such incriminating statements made by the defendant should be held inadmissible only in subsequent criminal prosecutions. I am aware that in *People v. Potter* (1967), 85 Ill. App. 2d 151, the court held that such statements would be inadmissible both under the Act and in a subsequent criminal prosecution. However, I would decline to follow *Potter* insofar as it purports to bar use of the unwarned statements in a proceeding under the Act.

Indeed, in the present case, there is no indication that the defendant made incriminating statements which exposed him to potential

criminal prosecution. Therefore, the lack of warnings does not render the psychiatrist's testimony inadmissible. I would affirm the circuit court's judgment finding the defendant to be a sexually dangerous person.