The People of the State of Illinois, Defendant in Error, v. John Peter Turner, Plaintiff in Error.

Gen. No. 64–138.

Second District.

November 5, 1965.

Kenneth C. Schuh, of Woodstock, for plaintiff in error.

Richard R. Cross, State's Attorney for McHenry County, of Woodstock, for defendant in error.

MR. PRESIDING JUSTICE ABRAHAMSON rendered the opinion of the court.

On September 17, 1963, an Information was filed in the County Court of McHenry County charging appellant (hereinafter called the defendant) with having committed the offense of Battery. Subsequently, in the same case, the State's Attorney for McHenry County filed a Petition to adjudicate the defendant a sexually dangerous person pursuant to the Sexually Dangerous Persons Act, Illinois Revised Statutes, 1963, chap 38, sec 105-1 et seq.

Section 1 of the Act defines a sexually dangerous person as follows:

> "All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons."

The court did, thereafter, on October 29, 1963, duly appoint two qualified psychiatrists to examine the defendant "to ascertain whether said John Peter Turner is, in fact, sexually dangerous."

A letter from one of the two psychiatrists, Dr. J. G. Graybill, dated November 6, 1963, and addressed to the trial judge, appears in the record. Dr. Graybill states that he had examined the defendant and found him to be "an extremely anxious young man, impulsive in activity, lacking awareness of social canon and unable to control his impulses in anxiety producing situations."

The other psychiatrist, Dr. Carl Hamann, was the only witness to appear at the trial. He testified that the defendant was suffering "from a mental disorder which could be classified by many terms, one of which would be inadequate personality; socially psychopathic and many others." Both psychiatrists were of the opinion that the defendant should be classified a sexually dangerous person.

The proofs offered at the trial consisted solely of the foregoing, namely, the testimony of Dr. Hamann, and the report of Dr. Graybill, which was not offered or admitted into evidence. No testimony appears in the record as to any incidents or acts of assault or sexual molestation. References are made thereto by Dr. Hamann in his testimony to "the history of his confession" with no further elaboration. The Petition itself alleges that the defendant was "committed" to the Diagnostic Center of the Morris County Juvenile Court of Morris County, New Jersey, on July 15, 1959, for intensive therapy as a result of a molestation case. However, nothing appears in the record to substantiate the allegation.

No pleadings were filed by the defendant or any evidence adduced on his behalf. At the close of the

State's case, on December 5, 1963, the court entered an order adjudicating the defendant a sexually dangerous person as defined by the Act and he was remanded to the custody of the Director of Public Safety.

 It has been pointed out that although proceedings under the Sexually Dangerous Persons Act are civil in nature, that the possible loss of individual liberty requires that certain procedural safeguards normal to criminal prosecution be followed. The People v. English, 31 Ill2d 301, 304, 201 NE2d 455; The People v. Capoldi, 10 Ill2d 261, 139 NE2d 776.

Among these safeguards is the requirement that the Act should be as strictly construed as the provisions of penal statutes. People v. McDonald, 44 Ill App2d 348, 354, 194 NE2d 541.

The Supreme Court has recently held in the case of The People v. Olmstead, 32 Ill2d 306, 205 NE2d 625, that the testimony of only one psychiatrist, if otherwise sufficient to establish a prima facie case, would be adequate to support an order finding a person to be sexually dangerous. The Court said in that case at Page 311:

> "Defendant next complains that the evidence did not support a finding that he was a sexually dangerous person. We have carefully examined the testimony of one of the examining psychiatrists and the other evidence and find that the evidence is sufficient to establish prima facie that defendant was suffering from a mental disorder for a period of more than one year; that he had criminal propensities to the commission of sex offenses; and has demonstrated propensities toward acts of sexual assault or molestation of children. The finding that he was a sexually dangerous person was therefore not contrary to the law and the evidence."

■ We distinguish this case from the Olmstead case, supra, in that it appears in the Olmstead case other evidence was introduced, other than the testimony of one psychiatrist. In the instant case there is no other evidence before us. We conclude that the testimony of one psychiatrist, without other competent evidence, is insufficient to warrant a finding that the defendant was a sexually dangerous person.

■ The order adjudicating the defendant a sexually dangerous person must be vacated in that there is not sufficient proof to sustain the allegations of the petition, and particularly the allegation that the mental disorder existed for a period of not less than one year prior to filing the petition. In addition, the State failed to comply with the statutory requirement of filing with the court and delivering to the defendant a copy of the findings of two psychiatrists.

Accordingly, the order of the Circuit Court of McHenry County is reversed and the cause is remanded with directions to the trial court to vacate the order of December 5, 1963, adjudicating the defendant a sexually dangerous person as defined by the Act and committing him to the custody of the Director of Public Safety, and for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DAVIS and MORAN, JJ., concur.