**People of the State of Illinois, Plaintiff-Appellee, v. Robert Kennedy, Defendant-Appellant.**

**Gen. No. 10,974.**

Fourth District.

November 12, 1968.

Rehearing denied December 18, 1968.

Reed A. Woolley, of Beardstown, for appellant.

Walter F. Farrand, State's Attorney of Cass County, of Virginia, for appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant was found to be a sexually dangerous person under the provisions of pars 105–1.01 et seq., of chapter 38, Ill Rev Stats 1965, and committed to the custody of the Director of the Department of Public

Safety as required by statute. This appeal is from that order of commitment.

Initially, we must examine the question of jurisdiction. It is the contention of the State that this court lacked jurisdiction to grant leave to appeal in this proceeding since more than ten months elapsed from the date of the order of commitment.

The chronology is as follows:

On January 19, 1967, a complaint was filed charging Robert Kennedy with deviate sexual conduct. On January 20, 1967, the defendant was arraigned and advised of his right to counsel. He waived counsel in the criminal proceeding. On January 25, 1967, a petition was filed seeking to commit him as a sexually dangerous person. On the same day, an order was entered providing for the appointment of two psychiatrists to examine the defendant on January 30, 1967, and make a report of their examination to the court. On February 1, 1967, the defendant was advised of his right to counsel in the sexually dangerous person proceeding, and notwithstanding his assertion that he did not need counsel, the court determined that the proceedings were of sufficient seriousness to require counsel and appointed an attorney to represent him. On February 2, the report of one of the examining psychiatrists was filed and on February 10, 1967, the report of the second examining psychiatrist was filed, each relating to psychiatric examination of the defendant on January 30, 1967.

On March 3, 1967, a hearing was held on the petition. The two examining psychiatrists testified, each expressing the opinion that the defendant was a sexually dangerous person.

It is apparent that the psychiatric opinion was founded upon information given to the psychiatrist by the defendant at the time of the interview and prior to the defendant's being advised of his right to counsel and prior to the appointment of counsel.

Benjamin Kennedy, the then fifteen-year-old son of the defendant, testified as to acts of deviate sexual conduct.

The court found the defendant to be a sexually dangerous person and on March 3, entered an order committing him to the custody of the Director of the Department of Public Safety.

The defendant, by letter dated August 17, 1967, sought leave to appeal. This court determined that the August 17, 1967, letter was a petition for leave to appeal, allowed the petition and ordered the proffered notice of appeal to be filed. Counsel was appointed and the matter is in this court on appeal upon the order of commitment.

It is the contention of the State that Rule 303(e) of Supreme Court Rules, effective January 1, 1967 (Ill Rev Stats 1967, c 110A, § 303(e)), precludes an appeal for the reason that the notice of appeal was not filed within sixty days from the date of judgment. It is further the contention of the People that since this proceeding is civil in nature, there was and is no requirement that the defendant be advised of his right to appeal. This contention is based upon Rule 605 of the Supreme Court Rules (Ill Rev Stats 1967, c 110A, § 605). If the position of the State with reference to this jurisdictional matter is correct, then this court improvidently granted the leave to appeal and the State's motion to dismiss it should be allowed.

In People v. Potter, 85 Ill App2d 151, 228 NE2d 238 (4th Dist 1967), we examined the opinions of the Illinois Supreme Court relative to proceedings under the Sexually Dangerous Persons Act. We there concluded that although the proceedings are civil in nature, our Supreme Court has recognized and imposed procedural safeguards normally applicable only where procedural due process in criminal cases is involved. In Specht v. Patterson, 386 US 605, 18 L Ed2d 326, 87 S Ct 1209 (1967), the United States Supreme Court, in construing

a similar sex offenders statute, stated unequivocally that these commitment proceedings are subject to the equal protection clause of the Fourteenth Amendment and to the due process clause of the Federal Constitution, and that this is true whether the underlying proceedings are denominated civil or criminal.

Our holding in Potter was that one charged with being a sexually dangerous person was entitled to counsel prior to psychiatric examination, and further that he was entitled to have the Miranda warnings before such psychiatric examination. We there reversed and remanded for a new trial. The deficiencies that we found to exist in Potter exist here, and if the rules for criminal appeals apply, we have jurisdiction and under Potter must reverse and remand.

However, in People v. Fish, 36 Ill2d 220, 221 NE 2d 637 (1966), the Supreme Court held that the rules of civil practice apply to appeals in sexually dangerous persons proceedings. The action of the Appellate Court in that case in granting leave to appeal was determined to be error for the reason that the appeal was not sought within the then time limitations of the Civil Practice Act and civil appeal rules. The opinion in Fish is determinative of the motion to dismiss the appeal in this case. Rule 303(e), effective January 1, 1967, does apply and since the petition for leave to appeal here was filed more than sixty days after the March 3 order, we are without jurisdiction to grant leave to appeal and our order granting leave to appeal was in error. The State's motion to dismiss the appeal must be allowed.

In adopting the new rules, the Supreme Court provided:

> ". . . To the extent that in the opinion of the trial, Appellate, or Supreme Court the application of the new rules in a particular action then pending would not be feasible or would work injustice, the former procedure applies."

94

This language supplied an escape valve for actions then pending. However, this proceeding cannot be classed as having been pending on January 1, 1967—the petition was not filed until January 25.

■ This court has no authority to make rules governing the time schedule for appeal. Such authority and responsibility clearly rests only in the Supreme Court. People ex rel. Stamos v. Jones, 40 Ill2d 62, 237 NE2d 495 (1968). We are, therefore, without authority to extend the time for leave to appeal in this case notwithstanding the infirmities in the proceeding hereinabove mentioned. In our judgment, however, the issues here involved are of sufficient public interest and of sufficient importance that we should on our own motion grant a certificate of importance, and it is so ordered.

Appeal dismissed; certificate of importance ordered issued on the court's own motion.

SMITH, P. J. and TRAPP, J., concur.