(No. 41848.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT KENNEDY, Appellant.

*Opinion filed September 26, 1969.*

REED A. WOOLLEY, of Beardstown, (HARRY G. FINS, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WALTER F. FARRAND, State's Attorney, of Virginia, (JAMES B. ZAGEL, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On March 3, 1967, the circuit court of Cass County found the defendant, Robert Kennedy, to be a sexually dangerous person in accordance with the provisions of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1967, ch. 38, par. 105—1.01 *et seq.*) and committed him to the custody of the Department of Public Safety. On August 17, 1967, approximately 5½ months after entry of the order of commitment, defendant, by letter to the Appellate Court, Fourth District, requested leave to appeal. The appeal was allowed and counsel appointed. However, the appellate court subsequently held it had improvidently allowed the appeal and dismissed the cause for lack of jurisdiction. (101 Ill. App. 2d 91.) Pursuant to Supreme Court Rule 316 (Ill. Rev. Stat. 1967, ch. 110A, par. 316), it issued a certificate of importance on the question of whether an appeal under the Sexually Dangerous Persons Act is governed by Rule 303 as civil and must be filed at the latest within 60 days, or by Rule 606(c) as criminal and may be filed within 6 months.

In *People* v. *Sims,* 382 Ill. 472, where this legislation was upheld as constitutional, on page 476 the court said: "This is a statute evidently enacted for the purpose of preventing persons suffering from a mental disorder, though not insane or feebleminded, being punished for crimes they commit during the period of such mental ailment, and is therefore in its operation not unlike the statutes providing for an inquiry into the sanity of one charged with crime before trial on the indictment." It was there specifically pointed out that the commitment proceeding under the Act

was not a criminal proceeding. In *People* v. *Redlich,* 402 Ill. 270, the court again held that the object of the legislature in providing for the proceeding was to prevent a person afflicted with such mental disorder from being tried for a criminal offense until he had recovered from such psychopathy and such proceeding was civil in nature. Following these decisions the legislature amended the Act in 1955 by adding the present section 3.01 providing that: "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and modifications thereof and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act." Ill. Rev. Stat. 1967, ch. 38, par. 105—3.01.

The issue presented here apparently arises because of our decision in *People ex rel. Stamos* v. *Jones,* 40 Ill.2d 62, that under the Illinois constitution the responsibility for rules governing appeals lies in the Supreme Court and not the legislature. It is defendant's contention that the *Jones* decision in effect overruled this court's holding in *People* v. *Fish,* 36 Ill.2d 220, that the Civil Practice Act governs appeals in sexually dangerous persons proceedings. To the extent that the Supreme Court Rules have displaced the Civil Practice Act regarding appellate procedure, defendant is correct. However, this does not mean that this court's rules regarding criminal appeals will govern these proceedings. In *Fish,* we analyzed the history of the Sexually Dangerous Persons Act. It was there pointed out that the provision of the statute designating the proceeding as civil in nature was merely a codification of our prior decisions in *People* v. *Sims,* 382 Ill. 472, and *People* v. *Redlich,* 402 Ill. 270. We also held that the codification of our prior holdings "made explicit that which was implicit."

We have on several occasions held that although these proceedings are civil in nature, they may result in a depriva-

tion of liberty and, consequently, defendant must be accorded the essential protections available in criminal trials. (*People* v. *Capoldi,* 37 Ill.2d 11 ; *People* v. *Breese,* 34 Ill.2d 61 ; *People* v. *Olmstead,* 32 Ill.2d 306; see also *Specht* v. *Patterson,* 386 U.S. 605, 18 L. Ed. 2d 326, 87 S. Ct. 1209.) However, this does not mean that the rules of criminal appellate procedure must be applied. We hold that in proceedings under the Sexually Dangerous Persons Act, that the rules governing civil appeals are applicable.

The judgment of the Appellate Court for the Fourth District is affirmed.

*Judgment affirmed.*