People of the State of Illinois, Plaintiff-Appellee, v. Donovan L. Thingvold, Defendant-Appellant.

Gen. No. 69–25.

Second District.

October 3, 1969.

J. Daniel King, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, and William R. Beu, Assistant State's Attorney, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The petitioner, Donovan L. Thingvold, instituted this proceeding in February, 1968, by filing his petition in the Circuit Court of Winnebago County pursuant to paragraph 105–9, chapter 38, Ill Rev Stats of 1967, wherein he alleged that he had recovered from being a sexually dangerous person. He was adjudged a sexually dangerous person in 1962 and has been confined in the psychiatric division of the Illinois State Penitentiary at

Menard since that time. He had filed several previous petitions wherein he had also alleged that he had recovered sufficiently to warrant his release.

After hearing all the evidence in the case, the court, sitting without a jury, denied the petition and recommitted the petitioner to Menard. He brought this appeal from that order.

The court heard the testimony of four psychiatrists—three of whom had previously been appointed by the court, and the fourth, a consulting psychiatrist in the Department of Public Safety. All of the psychiatrists, in one form or another, either stated that the petitioner had made some progress toward recovery and recommended his conditional release, or that it would be impossible to determine whether he had recovered if he remained at Menard, and that some type of conditional supervised release might be called for. The least favorable testimony of the psychiatrists was that of Dr. Robert A. Moore, who stated that the petitioner now appeared to be in the same condition as when he, Dr. Moore, had last examined him, but that if the petitioner were to remain at Menard, it would be impossible to determine whether he had recovered.

The court heard further testimony from laymen, including Vernon Schultz, who operated a farm in Stephenson County, Illinois. Schultz testified on direct examination that he had agreed to hire the petitioner if he were given a conditional release. On cross-examination, he stated that the hiring was conditioned on having some assurance that the petitioner was cured; and on redirect-examination he stated that it was his impression that the court would not be considering the petitioner's release unless there were reasons to believe that he had recovered.

The court, at the suggestion of defense counsel, continued the hearing to enable counsel to determine whether a controlled environment could be arranged in connection with the defendant's conditional release. None could be

provided. The trial court was thus placed in the anomalous position of having before him a petitioner, who appeared to be no longer sexually dangerous and, who, therefore, was entitled to a conditional release, yet no provision had been made by the state to provide a structured environment for him where he would receive guidance and support during such conditional release. Under this posture of the case, the court denied the petition, and the petitioner was returned to Menard pending his appeal.

Section 105-9 of the Code of Criminal Procedure (Ill Rev Stats 1967, c 38, par 105-9) provides:

"An application in writing setting forth facts showing that such sexually dangerous person or criminal sexual psychopathic person has recovered may be filed before the committing court. Upon receipt thereof, the clerk of the court shall cause a copy of the application to be sent to the Director of the Department of Public Safety. The Director shall then cause to be prepared and sent to the court a sociopsychiatric report concerning the applicant. The report shall be prepared by the psychiatrist, sociologist, pyschologist and warden of, or assigned to, the institution wherein such applicant is confined. The court, shall set a date for the hearing upon such application and shall consider the report so prepared under the direction of the Director of the Department of Public Safety and any other relevant information submitted by or on behalf of such applicant. If the patient is found to have recovered the court shall order that he be discharged. *If the court finds that the patient appears no longer to be sexually dangerous but that it is impossible to determine with certainty under conditions of institutional care that such person has fully recovered, the court shall enter an order permitting such person to go at large subject to such conditions and such supervision by the*

*Director as in the opinion of the court will adequately protect the public.* In the event the person violates any of the conditions of such order, the court shall revoke such conditional release and recommit the person under the terms of the original commitment. Upon an order of discharge every outstanding information and indictment, the basis of which was the reason for the present detention, shall be quashed." (Emphasis ours.)

■ ■ Although proceedings under the statute are civil in nature, the possible loss of individual liberty requires that certain procedural safeguards normal to criminal prosecutions be followed, and that the statute be strictly construed. People v. Turner, 63 Ill App2d 353, 356, 211 NE2d 486 (1965). The language of the statute makes it mandatory upon the court to grant a conditional release when it appears that the petitioner is no longer sexually dangerous and a conditional release is necessary to fully evaluate whether or not there has been a total recovery. To interpret the statute otherwise would be to enable the state to forever hold in confinement, at the sole discretion of the officers of the state, a petitioner who had been previously found to be sexually dangerous. See: The People v. Olmstead, 32 Ill2d 306, 314, 205 NE2d 625 (1965) ; People v. Abney, 90 Ill App2d 235, 238, 232 NE 2d 784 (1967).

■ In the light of the testimony of the four psychiatrists, we believe that any finding—other than that the petitioner appeared to be no longer sexually dangerous, but that a conditional release would be necessary to fully evaluate this finding—would be contrary to the manifest weight of the evidence. As hereinbefore stated, none of the psychiatrists stated definitely that he was still a sexually dangerous person, and all indicated that some type of release would be feasible.

The record indicates that at the time of the hearing and at the time of the argument on appeal, there were no

▉▉▉▉▉▉▉▉▉▉▉▉

facilities in this state in the nature of a "Halfway House" where those released under this section of the statute could gradually be reassimilated into society, while still under strict supervision and still receiving further counselling. In this respect, the provisions for release embodied in the statute lack the means for truly effective implementation.

However, since the argument of this case on appeal, a stipulation has been filed herein by the State's Attorney and counsel for the petitioner, which indicates that the citizens of Rockford and Winnebago County, the Department of Public Safety and the Division of the Criminologist, operate a Community Treatment Center in Rockford at 1246 East State Street, known as "Genesis House Community Center," which has been staffed to provide community support and guidance for inmates released from the Illinois State Penitentiary System; that Charles L. Young, the Supervisor of Genesis House, has advised that he, and the professional staff, would be willing to accept the petitioner in the program, and work with him through the Genesis House facilities and other community resources, with a view toward making him self-supporting and able to manage his own affairs in a prudent and law-abiding manner.

▉▉ The language of the statute places the burden of supervision of such released person upon the Director of Public Safety. Therefore, we reverse and remand the cause to the trial court to hear further evidence relative to whether the Genesis House community center is a suitable and proper facility to provide a structured environment for the petitioner during the period of his conditional release. If the trial court finds that such facility is adequate and proper, then the court should enter an order permitting him to go at large, subject to such conditions and supervision by the Director of Public Safety as in the opinion of the court would adequately protect the public during the period of his conditional release; containing

484

such further safeguard provisions as to the trial court may seem proper; and providing that in event the petitioner violates any of the conditions of the order of conditional release, the court will revoke the conditional release and recommit him under the terms of the original commitment.

Reversed and remanded with directions.

MORAN, P. J. and SEIDENFELD, J., concur.