THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENN M. RICHARDSON, Defendant-Appellant.

(No. 74-2;

Second District (1st Division)—October 3, 1975.

Richard W. Husted, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Martin P. Moltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

On November 17, 1969, a jury found the defendant, Glenn M. Richardson, to be a sexually dangerous person, and the court committed him to

the guardianship of the Director of Public Safety pursuant to the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1969, ch. 38, par. 105—1 *et seq.*). Thereafter, in 1973, the defendant's petition for conditional release was denied. On appeal, the defendant contends that the evidence adduced at the 1969 hearing, which resulted in the defendant's commitment as a sexually dangerous person, failed to establish the requirement that the defendant's condition had existed for not less than one year (Ill. Rev. Stat. 1969, ch. 38, par. 105—1.01), and therefore the 1969 original commitment of the defendant should be vacated. In addition, the defendant contends that the trial court improperly denied his petition for conditional release since the evidence established that the defendant no longer appeared to be dangerous, although it was impossible to determine with certainty that he had fully recovered.

We hold that an appeal from the original commitment order of November 17, 1969, is untimely. However, we agree that the defendant's petition for conditional release was improperly denied under section 9 of the Act (Ill. Rev. Stat. 1973, ch. 38, par. 105—9), and we therefore reverse and remand with directions to hold a new hearing.

On September 8, 1969, the defendant was indicted for two separate offenses of attempt rape, which allegedly occurred on August 15, 1969, and August 19, 1969. Thereafter, pursuant to the Sexually Dangerous Persons Act, the State's Attorney of Kane County filed a petition alleging that the defendant was a sexually dangerous person as defined by statute. (Ill. Rev. Stat. 1969, ch. 38, par. 105—1.01.) On November 17, 1969, after a full hearing, a jury found the defendant to be a sexually dangerous person, and the court committed the defendant to the guardianship of the Director of Public Safety. No appeal was taken from this order.

On March 7, 1973, the defendant filed a petition for release, or in the alternative, for conditional release, and the court ordered the Director of Public Safety to prepare a socio-psychiatric report concerning the defendant. At the hearing on April 25, 1973, the court determined that the report was inconclusive and denied the defendant's petition.

However, based on a subsequently filed socio-psychiatric report, the court granted the defendant a further hearing on his petition. Excerpts from this socio-psychiatric report prepared by Dr. Perez, who also testified in court, follow.

> "The offense for which he is now incarcerated does not appear as a compulsive element of this man's habits. It does not form part of an inevitable pattern that repeats every time he feels frustrated or exasperated.

✿　　✿　　✿

Mr. Richardson classifies as mentally ill. I have no way to guarantee how he will react in the future. I cannot say that he will and I cannot say that he will not commit errors of judgment. Up to the present, we find no pattern of compulsivity in this man for this particular type of offense.

We find poor judgment; however, we cannot equate this with the more ominous connotations that a diagnosis of sexual dangerousness seems to represent, at least in our judgment.

It is also likely that an institution other than a maximum security might be the best or optimum for the management of this man's aberations."

At the hearing held on August 30, 1973, the defendant testified that if his petition were granted he would observe any conditions imposed by the court, that if placed at Elgin State Hospital, he would observe the regulations of that institution, and that his parents and brother resided in Elgin. On cross-examination, he testified that he was taking certain medications prescribed by doctors at Menard State Penitentiary and supplied by his parents.

The father of the defendant testified that if the defendant were released, he would cooperate fully with any conditions imposed by the court, and that he would continue to obtain the prescribed medications for his son.

Dr. Frank Perez, a psychiatrist and consultant to the Psychiatric Division at Menard State Penitentiary, testified at length concerning his report on the defendant and the defendant's mental disorder. He testified that he had officially examined the defendant on seven different occasions between March, 1970, and the time of the hearing, and that he informally had met with the defendant on numerous occasions during that time. Based upon his observations of the defendant, Dr. Perez reiterated his report that in his opinion, although the defendant was mentally ill, he was not sexually dangerous. He further testified that in his opinion the defendant could be conditionally released from Menard Penitentiary and placed at Elgin State Hospital. However, Dr. Perez stated that he could not "guarantee" that the defendant would never exhibit the behavior that resulted in his initial commitment, and stated, "* * * no one has the gift of foreseeing the future very much. The only thing you can say is that there are some people who have a certain trend * * *."

At the court's request, Dr. Perez read into the record reports prepared by the two psychiatrists, who had interviewed the defendant for approximately one hour pursuant to the court's order, prior to the November, 1969, commitment proceeding.

The State presented no evidence or testimony to rebut the testimony and report of Dr. Perez. Rather, the State's Attorney argued that a conditional release should not be granted by the court because, "I personally would rather see the Director of Corrections make that decision than the courts of the State * * *."

At the conclusion of the hearing, the court denied the defendant's petition for conditional release, stating: "* * * I don't think that it is proper for psychiatrists to attempt to discharge their obligations to the taxpayers and the citizens of the State of Illinois by asking a judge (conditionally to release a defendant) unless they very positively take that stand and say this patient is cured."

On appeal, the defendant contends that at the hearing on November 17, 1969, which resulted in the defendant's commitment as a sexually dangerous person, the State failed to establish that the defendant's condition had existed for a period of not less than one year, as required by section 1.01 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1969, ch. 38, par. 105—1.01). Consequently, the defendant argues that the jury's determination that he was a sexually dangerous person, as defined by statute, is not supported by the evidence and must be reversed and vacated.

■■ It is well established that an appeal from an order of commitment under the Sexually Dangerous Persons Act must be filed within the time limitations for civil appeals. The Sexually Dangerous Persons Act provides that proceedings under the Act are civil in nature and that the provisions of the Civil Practice Act, including the provisions for appeal, apply to all proceedings except as otherwise provided by the Act. (Ill. Rev. Stat. 1973, ch. 38, par. 105—3.01.) Further, in *People v. Kennedy* (1969), 43 Ill.2d 200, 202, 203, 251 N.E.2d 209, wherein an appeal was filed 5½ months after the order of commitment as a sexually dangerous person, the court stated:

> "We have on several occasions held that although these proceedings are civil in nature, they may result in a deprivation of liberty and, consequently, defendant must be accorded the essential protection available in criminal trials. [Citations.] However, this does not mean that the rules of criminal appellate procedure must be applied. We hold that in proceedings under the Sexually Dangerous Persons Act, that the rules governing civil appeals are applicable."

See also *People v. Capoldi* (1967), 37 Ill.2d 11, 225 N.E.2d 634.

Under Supreme Court Rule 303(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a)), controlling civil appeals, an appeal must be filed within 30 days from the date judgment is entered. In the case at bar, since more than three and a half years elapsed between the judgment and order of com-

mitment as a sexually dangerous person entered November 17, 1969, and the filing of notice of appeal, we conclude that an appeal from the order is untimely.

Next, the defendant contends that the unrebutted report and testimony of Dr. Perez at the August 30, 1973, hearing on the petition for conditional release established that the defendant no longer appeared to be dangerous, although it was impossible to determine with certainty that he had fully recovered. Under such circumstances, the defendant argues, the court improperly denied his petition for a conditional release.

The pertinent provision of section 9 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1973, ch. 38, par. 105—9), under which the defendant sought a conditional release, provides:

> "If the court finds that the patient appears no longer to be sexually dangerous but that it is impossible to determine with certainty under conditions of institutional care that such person has fully recovered, the court *shall* enter an order permitting such person to go at large subject to such conditions and such supervision by the Director as in the opinion of the court will adequately protect the public." (Emphasis added.)

Regarding this statute, this court has stated:

> "Although proceedings under the statute are civil in nature, the possible loss of individual liberty requires that certain procedural safeguards normal to criminal prosecutions be followed, and that the statute be strictly construed. People v. Turner, 63 Ill.App.2d 353, 356, 211 N.E.2d 486 (1965). The language of the statute makes it mandatory upon the court to grant a conditional release when it appears that the petitioner is no longer sexually dangerous and a conditional release is necessary to fully evaluate whether or not there has been a total recovery. To interpret the statute otherwise would be to enable the state to forever hold in confinement, at the sole discretion of the officers of the state, a petitioner who had been previously found to be sexually dangerous." *People v. Thingvold* (1969), 113 Ill.App.2d 479, 483, 251 N.E.2d 553.

■■ After reviewing the record in the case at bar, we conclude that the defendant no longer appeared to be sexually dangerous, but that it was impossible to determine with certainty under conditions of institutional care that the defendant had fully recovered. For the court to require testimony that the defendant absolutely had been cured, as indicated by the court's statement above, or that a conditional release be granted only when sought by the Director of Corrections under section 10 of the Act (Ill. Rev. Stat. 1973, ch. 38, par. 105—10), as argued by the State's Attorney at the hearing, is to render the above-quoted pro-

vision of section 9 (Ill. Rev. Stat. 1973, ch. 38, par. 105—9) meaningless. Since absolute certainty that the defendant has recovered fully is not required by the statute, and since a conditional release is mandatory when it appears that the defendant is no longer sexually dangerous but it is impossible to determine with certainty that the defendant has fully recovered, we conclude that defendant's petition for conditional release was improperly denied.

At the time of the hearing on August 30, 1973, release from Menard State Penitentiary upon the condition of placement at Elgin State Hospital was suggested, which would appear appropriate. Since that time, however, the defendant's condition may have improved, deteriorated, or remained static. We therefore reverse and remand the cause to the trial court for a further hearing, consistent with the views above expressed, to determine whether, at this time, the defendant no longer appears to be sexually dangerous, and if so, to determine appropriate conditions to reasonably protect the public during the period of his conditional release.

Reversed, remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.