# Illinois Official Reports

## Appellate Court

---

## *People v. Towne*, 2019 IL App (3d) 170834

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRIAN J. TOWNE, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0834 |
| Filed | February 5, 2019 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 17-CF-369; the Hon. Clark E. Erickson, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Karen Donnelly, State's Attorney, of Ottawa, for the People.<br><br>Adam R. Vaught and Carson R. Griffis, of Hinshaw & Culbertson LLP, of Chicago, for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Presiding Justice Schmidt and Justice Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1    The State charged the defendant, former La Salle County State's Attorney Brian J. Towne, with 13 counts of official misconduct (720 ILCS 5/33-3(b), (c) (West 2016)) and 4 counts of misapplication of funds (720 ILCS 5/33E-16 (West 2016)). Towne subsequently filed a petition for appointment of a special prosecutor, alleging that current State's Attorney Karen Donnelly, was biased against him and that her involvement in the case created an appearance of impropriety. After a hearing, the circuit court granted the petition. The State filed a petition for leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(7) (eff. July 1, 2017), which this court granted. On appeal, the State argues that the circuit court applied an incorrect legal standard in its ruling, but that even under the correct standard, the court's ruling was an abuse of discretion. Towne realleges his argument that Rule 306(a)(7) cannot serve as a basis for appellate jurisdiction because that rule applies only to civil cases. We dismiss the appeal for lack of jurisdiction.

¶ 2                          I. BACKGROUND

¶ 3    In November 2016, Donnelly defeated incumbent Towne in the election for La Salle County state's attorney. Leading up to the election, Donnelly's persistent allegations that Towne had committed criminal acts while in office constituted a major campaign issue.

¶ 4    In September 2017, Towne was charged by indictment with 13 counts of official misconduct (720 ILCS 5/33-3(b), (c) (West 2016)) and 4 counts of misapplication of funds (720 ILCS 5/33E-16 (West 2016)).[1] Shortly thereafter, Towne filed a petition for appointment of a special prosecutor, alleging, *inter alia*, that Donnelly should be disqualified because she was biased against Towne and was an "interested" party such that "her continued participation in the case creates an appearance of impropriety." In its response, the State alleged, *inter alia*, that Towne's request was based on the standard appearing in the prior version of the statute governing the appointment of special prosecutors, section 3-9008 of the Counties Code (55 ILCS 5/3-9008 (West 2014)). Further, the State alleged that Towne could not meet the appropriate current statutory standard of showing that Donnelly had an actual conflict of interest.

¶ 5    The circuit court held a hearing on the petition in November 2017 and issued a written decision approximately two weeks later. In analyzing the amendment to section 3-9008 in Public Act 99-352 (eff. Aug. 12, 2015), the court noted that the relevant change to the statute was from the language allowing the appointment of a special prosecutor when the state's attorney is interested in the cause or proceeding to the language allowing that appointment only when the state's attorney has an actual conflict of interest. The court found that the amended language evinced no obvious intent to abrogate the judicial decisions interpreting the former version of section 3-9008 except for those that interpreted "interested." The court then found that the amendment did not intend to "limit[ ] the Court's ability to govern its own proceedings so as to avoid the possible undermining of the integrity of those same proceedings." Accordingly, the court stated that it would rely on case law that interpreted the former version of section 3-9008.

---

[1]Minor corrections were made to the indictment in October 2017, including the statutory citations upon which the charges were based.

¶ 6        Applying the law to the facts, the court emphasized certain actions of the state's attorney's office that the court concluded "[gave] rise to a public perception of lack of impartiality," as well as the public nature of the case. The court then concluded that failing to grant the motion for appointment of a special prosecutor would "possibly undermine the integrity of the court."

¶ 7        Lastly, the court stated:

> "While the Court has not focused on whether an actual conflict exists in this case, the Court finds that there is certainly reason for concern that an actual conflict may arise during the course of a trial should the motion for a special prosecutor be denied. The State intends to call a current employee of the State's Attorney's Office at trial, and the defense has indicated that they intend to list more than one current employee of the State's Attorney's office as possible witnesses. Additionally, the current Chairman of the La Salle County Board may be called as a witness by the defense, which would put the State in the possibly uncomfortable position of cross-examining a public official they are legally obligated to represent."

¶ 8        The State filed a petition for leave to file an interlocutory appeal pursuant to Rule 306(a)(7), which is contained in the set of rules applicable to civil actions and which provides that a party may petition for leave to appeal to the appellate court "from an order of the circuit court granting a motion to disqualify the attorney for any party." Ill. S. Ct. R. 306(a)(7) (eff. July 1, 2017). Towne contested the petition, alleging, *inter alia*, that Rule 306(a)(7) could not serve as a basis for appellate jurisdiction because it applies only to civil cases. We granted the State's petition and allowed it to file this appeal.

¶ 9                                    II. ANALYSIS

¶ 10       On appeal, the State argues that (1) the circuit court applied the incorrect legal standard by ignoring the amended language of section 3-9008(a) of the Counties Code and (2) even if the court applied the correct legal standard, the court's decision to disqualify Donnelly and appoint a special prosecutor was an abuse of discretion.

¶ 11       Initially, we note that Towne has realleged the jurisdictional challenge he posited in his responsive pleading to the State's petition for leave to file an interlocutory appeal. Towne asserts that the State's ability to appeal in criminal cases is controlled by Rule 604(a)(1) (Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017)) and that the State's attempt to bring this appeal pursuant to Rule 306(a)(7) is improper.

¶ 12       In its reply brief, the State asserts multiple reasons why we should find we have jurisdiction: (1) this court has already granted the Rule 306(a)(7) petition for leave to file an interlocutory appeal; (2) because this appeal presents a question collateral to the criminal case, *i.e.*, the interpretation of a civil statute (section 3-9008 of the Counties Code), using Rule 306(a)(7) as a basis for jurisdiction is proper; (3) civil appeals rules have been applied in criminal cases, such as *People v. Pawlaczyk*, 189 Ill. 2d 177 (2000), *People v. Kennedy*, 43 Ill. 2d 200 (1969), and *People v. Harper*, 2012 IL App (4th) 110880[2]; (4) if accepted, Towne's

---

[2]*Pawlaczyk* involved a special prosecutor initiating an equitable proceeding, separate from the criminal case, that sought to divest two journalists of their reporter's privilege. *Pawlaczyk*, 189 Ill. 2d at 179. In *Kennedy*, our supreme court held that the rules governing civil appeals applied to proceedings under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1967, ¶ 105-1.01 *et seq.*), which the court acknowledged were civil in nature. *Kennedy*, 43 Ill. 2d at 202-03. In *Harper*, 2012 IL App (4th)

argument would result in the complete inability of the State to appeal an order appointing a special prosecutor; (5) the removal of a duly elected prosecutor is a matter of general importance such that review of disqualification "is essential to the proper functioning of the legal system"; and (6) it is fundamentally unfair to allow only one side to "appeal from an order interpreting and applying a statute."

¶ 13 We granted the State's petition for leave to file an interlocutory appeal to allow the parties to fully argue and support their competing contentions concerning this court's jurisdiction. As a reviewing court, we have a continuing duty to ascertain our jurisdiction and to dismiss the case if we determine jurisdiction to be lacking (*Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 83).

¶ 14 Rule 306(a)(7) provides that "[a] party may petition for leave to appeal to the Appellate Court *** from an order of the circuit court granting a motion to disqualify the attorney for any party." Ill. S. Ct. R. 306(a)(7) (eff. July 1, 2017). Importantly, Rule 306(a)(7) is contained within the set of rules applicable to civil actions.

¶ 15 Rule 604(a)(1) provides that the State may file an appeal in criminal cases

"from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963 [(725 ILCS 5/114-1 (West 2016))]; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017).

Rule 604(a)(1) "is the sole source of authority for interlocutory appeals by the State in criminal cases." *People v. Riley*, 209 Ill. App. 3d 212, 215 (1990) (citing *People v. Young*, 82 Ill. 2d 234, 239 (1980)).

¶ 16 In this criminal case, the State seeks to pursue an interlocutory appeal from the circuit court's order disqualifying the state's attorney's office and mandating the appointment of a special prosecutor. Rule 604(a)(1) and the cases interpreting it make clear that, contrary to the State's claim, Rule 306(a)(7) in fact cannot serve as a basis for appellate jurisdiction in this case. See *id.*

¶ 17 Further, the circumstances enumerated in Rule 604(a)(1), under which a State may file an interlocutory appeal in criminal cases, clearly do not include the circumstances of this case. Additional support for this interpretation can be found in Rule 604(g), which provides:

"The *defendant* may petition for leave to appeal to the Appellate Court from an order of the circuit court granting a motion to disqualify the attorney for the defendant based on a conflict of interest. The procedure for bringing interlocutory appeals pursuant to this subpart shall be the same as set forth in Supreme Court Rule 306(c)." (Emphasis added.) Ill. S. Ct. R. 604(g) (eff. July 1, 2017).

There is no indication that permission to appeal this issue is similarly available to the State.

---

110880, ¶ 18, the Fourth District cited authority that traced back to *People v. Jones*, 104 Ill. 2d 268, 275-81 (1984), in which our supreme court, in a criminal case, applied Rule 271 (Ill. S. Ct. R. 271 (eff. Jan. 1, 1967)), which appears in the rules applicable to civil proceedings in the trial court, albeit not for purposes of jurisdiction.

¶ 18 The supreme court has the authority to authorize an appeal by the State from interlocutory orders disqualifying the state's attorney in criminal cases; the existence of Rule 604(g) reinforces that fact. The court has not done so.

¶ 19 The legislature's modification of section 3-9008(a) of the Counties Code (55 ILCS 5/3-9008(a) (West 2016)) created a more specific, more concrete, and more easily reviewable standard for the disqualification of a county's elected state's attorney. The supreme court, with which the authority solely rests, has not chosen to amend its Rule 604 to allow the State to appeal this more narrowly tailored basis for disqualification. Unless or until such a modification is made, we are constrained by the rule from addressing and resolving the state's attorney's policy-type arguments. We therefore dismiss the appeal for lack of jurisdiction.

¶ 20                                III. CONCLUSION
¶ 21 For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 22 Appeal dismissed.