No. 2--07--0130     Filed: 2-8-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| FIRST BANK, as Successor by Merger to CIB Bank, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff and Counterdefendant-Appellee, | ) ) ) | |
| v. | ) ) | No. 03--L--199 |
| MERCEDES PHILLIPS and MERVYN C. PHILLIPS, JR., | ) ) ) | |
| Defendants and Counterplaintiffs-Appellants | ) ) ) ) | |
| (J. Michael Straka; Arnstein and Lehr, LLP; John L. Ropiquet; Paul P. Didzerikis; Brian J. Banahan; Frank Pichietti; Pro Towing; Judson B. Saas, d/b/a Judson the Locksmith, Counter-defendants). | ) ) ) ) ) | Honorable Stephen J. Culliton, Judge, Presiding. |

PRESIDING JUSTICE BYRNE delivered the opinion of the court:

Defendants and counterplaintiffs, Mercedes and Mervyn C. Phillips, Jr., appeal pro se from a judgment granting the various counterdefendants, including plaintiff First Bank, as successor by merger to CIB Bank, summary judgment (see 735 ILCS 5/2--1005(c) (West 2006)) on defendants' counterclaim. We dismiss the appeal.

Plaintiff's predecessor, CIB Bank, sued defendants for damages and replevin, based on a promissory note that Mervyn Phillips signed and a security agreement that pledged Mercedes

Phillips's 1955 Mercedes automobile as collateral for the note. Defendants answered and filed an 11-count amended counterclaim asserting various causes of action, all based on the allegedly improper replevin and repossession of the 1955 Mercedes in 2003. The trial court granted plaintiff summary judgment on its complaint, and this court affirmed. CIB Bank v. Philips [sic], No. 2--05--0662 (2006) (unpublished order under Supreme Court Rule 23) (filed with "Phillips" misspelled as "Philips").

On February 1, 2006, the trial court granted counterdefendant Judson B. Saas, d/b/a Judson the Locksmith, summary judgment. On December 19, 2006, defendants voluntarily dismissed four of the counts of the counterclaim, and the trial court granted the remaining counterdefendants summary judgment on the other seven counts. Defendants filed a notice of appeal in the appellate court. The notice was file-stamped January 18, 2007, by the appellate court clerk. According to the circuit court clerk's file stamp, the notice was filed in the trial court on January 25, 2007.

Plaintiff moved to dismiss the appeal as untimely under Supreme Court Rule 303(a)(1) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007) because the notice of appeal was not filed in the trial court until more than 30 days after the entry of the judgment. Defendants responded that because the notice of appeal was timely filed, albeit in the wrong court, Supreme Court Rule 365 (155 Ill. 2d R. 365) applied and we obtained jurisdiction. On April 19, 2007, we denied plaintiff's motion to dismiss the appeal. However, on November 14, 2007, on our own motion, we ordered defendants to submit, by November 28, 2007, a statement explaining why we have jurisdiction, given that the notice of appeal was filed in the trial court more than 30 days after the judgment. Defendants did not respond to our order.

We explain why we must dismiss this appeal. We note that, although we initially declined to dismiss the appeal, we may reconsider the matter at any time before we dispose of the case. See In re Marriage of Waddick, 373 Ill. App. 3d 703, 705 (2007).

A timely notice of appeal is jurisdictional. In re Marriage of Singel, 373 Ill. App. 3d 554, 556 (2007). As pertinent here, Supreme Court Rule 303(a)(1) states, "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." (Emphasis added.) Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007. If a supreme court rule is unambiguous, we must apply it as written. People v. Campbell, 224 Ill. 2d 80, 84 (2006). The quoted language unambiguously required defendants to file a notice of appeal in the circuit court no later than January 18, 2007. They did not do so.

Previously, defendants argued that, under Supreme Court Rule 365, they invoked our jurisdiction by filing a timely notice of appeal, albeit in the wrong court. We disagree. As pertinent here, Rule 365 states, "If a case is appealed to either the Supreme Court or the Appellate Court, or the wrong district of the Appellate Court, which should have been appealed to a different court, the case shall be transferred to the proper court." 155 Ill. 2d R. 365. That language simply has nothing to do with this case. Had defendants timely filed their notice of appeal in the trial court but wrongly stated that they were seeking review in the supreme court or in a district of the appellate court other than this one, then Rule 365 would have required the transfer of the case to this court. However, defendants did not appeal to the wrong court. They appealed to the proper court but did not file the notice of appeal in the trial court on time. Rule 365 did not excuse defendants from their obligation under Rule 303(a)(1) to file a timely notice of appeal in the trial court.

The appeal from the judgment of the circuit court of Du Page County is dismissed.

Appeal dismissed.

BOWMAN and HUTCHINSON, JJ., concur.