GERALD SWINKLE, Petitioner-Appellant, v. ILLINOIS CIVIL SERVICE COMMISSION *et al.*, Respondents-Appellees.

Fourth District    No. 4—08—0314

Argued December 11, 2008.—Opinion filed January 15, 2009.

James P. Baker (argued), of Baker, Baker & Krajewski, LLC, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Ann C. Chalstrom (argued), Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner, Gerald Swinkle, appeals from a March 28, 2008, circuit court ruling affirming the administrative decision of respondent, the Illinois Civil Service Commission (Civil Service Commission), denying him an evidentiary hearing on his claim against respondent, Illinois Liquor Control Commission (Liquor Commission), alleging its hiring practices violated the veteran's preference provision of the Personnel Code (Code) (20 ILCS 415/8b.7(f) (West 2006)).

Petitioner argues the Civil Service Commission erred in conclud-

ing that (1) to be entitled to an evidentiary hearing, petitioner needed to establish a violation of the Code by a preponderance of the evidence and (2) petitioner failed to raise an issue of fact or law warranting a hearing.

Respondents argue because petitioner did not file a timely notice of appeal, this court lacks jurisdiction to consider petitioner's argument. We agree and dismiss.

On August 23, 2002, petitioner submitted an employment application to the Illinois Department of Central Management Services (CMS) seeking a position with the Liquor Commission as a Liquor Control Special Agent I (Special Agent). On petitioner's application, he preferenced Cook County as a work location. Petitioner is a Cook County resident and a United States Marine Corps veteran. On January 23, 2003, petitioner took the candidate exam for a Special Agent position and received an "A" grade.

Bernard Riordan, a resident of Will County and a nonveteran, also submitted an application for a Special Agent position with the Liquor Commission. On Riordan's application, he preferenced Will and Iroquois Counties as work locations. On January 21, 2003, Riordan took the candidate exam for a Special Agent position and received an "A" grade.

On December 1, 2002, the Liquor Commission established a Special Agent position in Iroquois County. The written description for the position specifically described Iroquois County as the position's location.

On January 6, 2003, the Liquor Commission publically posted a written "Notice of Job Vacancy" for the Iroquois County Special Agent position. The notice specifically listed Iroquois County as the location for the position.

On January 30, 2003, petitioner added Lake County as a second county of preference for a work location on his application for a Special Agent position. Petitioner never added Iroquois County as a preference.

In March 2003, the Liquor Commission requested CMS provide an eligibility list for Iroquois County to fill the vacancy. CMS compiled a March 2003 list of eligibles for Iroquois County and sent it to the Liquor Commission. Riordan was the only person on the Iroquois County list of eligibles.

Following a March 24, 2004, interview, the Liquor Commission hired Riordan as a Special Agent on May 19, 2003.

On December 8, 2006, petitioner filed a rule violation appeal with the Civil Service Commission requesting it investigate the Liquor Commission's hiring practices in filling the position.

Petitioner argued that (1) the Liquor Commission violated section 8b.7(f) of the Code (20 ILCS 415/8b.7(f) (West 2006)) by establishing and filling the position in a manner circumventing the requirements of veteran's preference; (2) if he and Riordan had been on the same eligibility list, he would have been given preference over Riordan due to petitioner's veteran status; and (3) the Liquor Commission should have requested eligibility lists from other counties or a statewide eligibility list.

On June 26, 2007, the Civil Service Commission's Executive Director, Daniel Stralka, issued a proposed finding that (1) petitioner had not proved by a preponderance of the evidence that the Liquor Commission violated the veteran's preference provision of the Code, (2) the facts did not establish the Liquor Commission circumvented the veteran's preference provision, and (3) there did not appear to be any substantial issue of fact or law to merit an evidentiary hearing.

On July 16, 2007, petitioner filed a written response to the Civil Service Commission's proposed finding requesting the Civil Service Commission hold an evidentiary hearing.

On July 19, 2007, the Civil Service Commission entered its final administrative decision in which it affirmed and adopted the proposed finding.

On August 21, 2007, petitioner filed a complaint for administrative review of the Civil Service Commission's decision in the circuit court. Petitioner argued a substantial issue of fact or law existed regarding the merits of his claim. As a result, petitioner contended the Civil Service Commission should have held an evidentiary hearing instead of basing its decision on the investigation. Petitioner also sought review of the Civil Service Commission's requirement that he prove the Liquor Commission's violation of the veteran's preference provision by a preponderance of the evidence.

On March 28, 2008, the circuit court affirmed the Civil Service Commission's administrative decision.

This appeal followed.

As a preliminary matter, respondents question whether this court has jurisdiction over petitioner's appeal. Specifically, respondents argue petitioner's appeal should be dismissed as untimely under Rule 303(a)(1) (Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007)) because petitioner's notice of appeal was not filed *in the circuit court* until more than 30 days after the entry of judgment. We agree with respondents that we lack jurisdiction to address petitioner's appeal.

Notice of appeal was delivered to the office of the clerk of this court at 4:15 p.m. on Friday, April 25, 2008, and stamped "filed" by

this court's clerk's office on Friday, May 2, 2008, docketed No. 4—08—0314. On May 19, 2008, petitioner filed his docketing statement in this appeal certifying he filed a written request with the circuit court clerk to prepare the record for the appeal. The record on appeal shows he requested the circuit court clerk to prepare the record that same day. On June 11, 2008, the circuit court clerk certified the record; the last entry on the docket sheet in the record before us is for the same date, stating "Notice of Appeal," which document was not included in the record as prepared and certified. On September 23, 2008, respondents' counsel filed a motion to supplement the record on appeal, which this court granted. The supplement contains a notice of appeal and the circuit court clerk's certification. The notice of appeal shows on its face that this court's clerk's office faxed the notice of appeal delivered to our clerk's office Friday, April 25, 2008, file-stamped "filed" by our clerk's office on May 2, 2008, to the circuit court clerk on June 11, 2008, presumably in response to a request by an employee in the court clerk's office preparing the record for appeal. On Wednesday, June 11, 2008, the circuit court's office filed-stamped this faxed document, appended, as the notice of appeal in this cause.

Under the Personnel Code, "[a]ll final administrative decisions of the Civil Service Commission *** shall be subject to judicial review pursuant to the provisions of the Administrative Review Law [(735 ILCS 5/3—101 through 3—113 (West 2006))]." 20 ILCS 415/11a (West 2006); 80 Ill. Adm. Code §1.300, as amended at 19 Ill. Reg. 12451, eff. August 21, 1995. "Jurisdiction to review final administrative decisions is vested in the [c]ircuit [c]ourts ***." 735 ILCS 5/3—104 (West 2006). Section 3—102 of the Administrative Review Law expressly provides as follows:

"Scope of Article. Article III of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of Article III of this Act or its predecessor, the Administrative Review Act. *** In all such cases, any other statutory, equitable[,] or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed.

*Unless review is sought* of an administrative decision *within the time and in the manner herein provided, the parties* to the proceeding before the administrative agency *shall be barred from obtaining judicial review* of such administrative decision. *** If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within

the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." (Emphases added.) 735 ILCS 5/3—102 (West 2006).

"A final decision, order, or judgment of the [c]ircuit [c]ourt, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." 735 ILCS 5/3—112 (West 2006). "Every final judgment of a circuit court in a civil case is appealable as [a matter] of right *** by filing a notice of appeal." 155 Ill. 2d R. 301. "Jurisdiction is conferred upon the appellate court through the timely filing of a notice of appeal." *In re Application of the County Treasurer*, 214 Ill. 2d 253, 261, 824 N.E.2d 614, 618 (2005); 155 Ill. 2d R. 301. Compliance with the deadlines for appeals set forth in the supreme court rules is mandatory and jurisdictional. *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 965, 811 N.E.2d 260, 265 (2004). Neither the circuit court nor the appellate court has the authority to excuse compliance with the filing requirement of Rule 303. *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 150, 632 N.E.2d 1010, 1012 (1994).

Supreme Court Rule 303(a)(1) states:

> "The notice of appeal must be filed *with the clerk of the circuit court within 30 days after the entry of the final judgment* appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion." (Emphases added.) Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007).

Petitioner concedes his notice of appeal was mistakenly delivered to this court on April 25, 2008, rather than the circuit court. Petitioner argues he complied with the timeliness requirement by delivering the notice of appeal to *this* court. However, petitioner's notice of appeal was "received" by the office of the clerk of this court on April 25, 2008, and file-stamped "filed" by that office on May 2, 2008. The notice of appeal was stamped "filed" in the circuit court on June 11, 2008, *i.e.*, more than 30 days after March 28, 2008. Respondents point out petitioner's appeal was not filed with the clerk of the circuit court until 44 days after it was due and 75 days after the circuit court entered final judgment.

Petitioner contends "Rule 365 of the [s]upreme [c]ourt [r]ules require[s] transfer to the proper court as if properly filed in that court." In fact, Rule 365 provides:

> "If a case is appealed to either the Supreme Court or the Appellate Court, or the wrong district of the Appellate Court, *** the

case shall be transferred to the proper court ***." 155 Ill. 2d R. 365.

We conclude Rule 365 does not apply in this case. See *First Bank v. Phillips*, 379 Ill. App. 3d 186, 188, 882 N.E.2d 1265, 1267 (2008) (Second District, holding Rule 365 did not apply where the defendant appealed to the correct appellate district but failed to file his notice of appeal in the *trial court* on time). The committee comments to Rule 365 (155 Ill. 2d R. 365, Committee Comments) specifically state the following: "This rule is expanded to permit limited, intra-district transfers when appeals are docketed in the wrong appellate court district."

In *First Bank*, the plaintiff moved to dismiss the appeal as untimely under Rule 303(a)(1) because the defendant's notice of appeal was not filed in the trial court until more than 30 days after the entry of judgment. *First Bank*, 379 Ill. App. 3d at 187, 882 N.E.2d at 1267. The defendant argued the Second District had jurisdiction because the notice of appeal was timely filed, albeit in the wrong court. *First Bank*, 379 Ill. App. 3d at 187, 882 N.E.2d at 1267.

Here, as in *First Bank*, Rule 365 would have required transfer to the correct court had petitioner timely filed his notice of appeal *in the circuit court* but wrongly stated he was seeking review in the supreme court or an incorrect district of the appellate court. See *First Bank*, 379 Ill. App. 3d at 188, 882 N.E.2d at 1267; 155 Ill. 2d R. 365. Instead, petitioner failed to deliver his notice of appeal as required on time to *the office of the circuit court clerk*. See *First Bank*, 379 Ill. App. 3d at 188, 882 N.E.2d at 1267. As a result, petitioner's reliance on Rule 365 is misplaced.

The language of Rule 303(a)(1) unambiguously required petitioner to file a notice of appeal in the circuit court no later than 30 days following the entry of the circuit court's final judgment. Petitioner did not do so.

An appellate court's power attaches only upon compliance with the supreme court rules governing appeals (*People v. Flowers*, 208 Ill. 2d 291, 308, 802 N.E.2d 1174, 1184 (2003)), and we are without the authority to excuse petitioner's failure to comply with the filing requirements of Rule 303. See *People v. Lyles*, 217 Ill. 2d 210, 216, 840 N.E.2d 1187, 1191 (2005). Because compliance with Rule 303 is mandatory and jurisdictional, we dismiss petitioner's appeal for lack of jurisdiction.

Dismissed.

KNECHT and TURNER, JJ., concur.