# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Tapp*, 2012 IL App (4th) 100664

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN A. TAPP, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0664 |
| Filed<br>Rehearing denied | February 2, 2012<br>March 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's appeal from the revocation of his conditional release from his commitment as a sexually dangerous person based solely on a "criminal sentence order" was dismissed for lack of jurisdiction, since the proceeding under the Sexually Dangerous Persons Act was a civil proceeding and was subject to the supreme court rules applicable to appeals in civil cases, not Supreme Court Rule 606 and the other rules applicable to criminal cases, and in defendant's case, the notice of appeal was not filed within the 30 days allowed by Supreme Court Rule 303(a), in that although defendant did timely mail a request for a late notice of appeal within 30 days after the expiration of the deadline for filing a notice of appeal, he mailed his documents to the trial court, rather than the appellate court as required by Rule 303(d), and the date of the timely mailing could not be considered as the date of filing in the appellate court when the trial court forwarded the documents to the appellate court; therefore, the appellate court had no jurisdiction to consider the request and the appellate court's earlier grant of the request was vacated as "improvident and improper." |

| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 97-CF-401; the Hon. Peter C. Cavanagh, Judge, presiding. |
|---|---|
| | |
| Judgment | Appeal dismissed. |
| | |
| Counsel on Appeal | Daniel K. Wright and Stephanie M. Radliff, both of Brown, Hay & Stephens, LLP, of Springfield, for appellant. |
| | |
| | John Milhiser, State's Attorney, of Springfield (Patrick Delfino, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion. Justice Pope concurred in the judgment and opinion. Justice Cook dissented, with opinion. |

**OPINION**

¶ 1     In September 1997, the Sangamon County circuit court found defendant, Brian A. Tapp, was a sexually dangerous person and committed him to the custody of the Department of Corrections. In August 2002, the court entered an order providing for defendant's conditional release. In October 2007, the State filed a petition to revoke defendant's conditional release, which the court granted on June 15, 2010. Defendant appeals the revocation, contending the trial court erred by revoking his conditional release based solely upon a Du Page County "criminal sentence order." We do not address the merits of defendant's appeal and dismiss the appeal for lack of jurisdiction.

¶ 2     While neither party raises an issue of jurisdiction, this court possesses "an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008); see also *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 902 N.E.2d 662, 664 (2009). In fact, our supreme court has emphasized "the ascertainment of its own jurisdiction is one of the two most important tasks of an appellate court panel when beginning the review of a case." *Smith*, 228 Ill. 2d at 106, 885 N.E.2d at 1059. Thus, in November 2011, this court issued a rule to show cause why defendant's appeal should not be dismissed for lack of jurisdiction. Defendant filed a response, citing Illinois Supreme Court Rule 606(c) (eff. Mar.

20, 2009) and this court's granting him leave to file a late notice of appeal in August 2010. We recognize that, before this case was assigned to this panel, this court did grant defendant leave to file a late notice of appeal. However, our review of the record leads us to reconsider the propriety of that motion.

¶ 3 "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura*, 232 Ill. 2d at 213, 902 N.E.2d at 664. Unless the appealing party has properly filed a notice of appeal, a reviewing court lacks jurisdiction over the appeal and must dismiss it. *Smith*, 228 Ill. 2d at 104, 885 N.E.2d at 1058. The time for filing a notice of appeal is governed by supreme court rules. See *Chand v. Schlimme*, 138 Ill. 2d 469, 476, 563 N.E.2d 441, 444 (1990). Our supreme court has emphasized its rules are not aspirational or mere suggestions. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353, 843 N.E.2d 379, 385 (2006). Supreme court rules " 'have the force of law, and the presumption must be that they will be obeyed and enforced *as written.*' " (Internal quotation marks omitted.) (Emphasis added.) *Rodriguez*, 218 Ill. 2d at 353, 843 N.E.2d at 385 (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494, 782 N.E.2d 212, 215 (2002)). Additionally, our supreme court has emphasized "the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co.*, 232 Ill. 2d at 217-18, 902 N.E.2d at 667. Accordingly, we apply the supreme court rules as they are written.

¶ 4 A conditional-release-revocation proceeding in a case under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2006)) is a civil proceeding. *In re Detention of Kish*, 395 Ill. App. 3d 546, 554, 916 N.E.2d 595, 601 (2009). Thus, the supreme court rules applicable to appeals in civil cases apply to defendant's case, not Rule 606(c) and the other supreme court rules applicable to appeals in criminal cases. See *People v. Richardson*, 32 Ill. App. 3d 621, 624, 335 N.E.2d 619, 621 (1975) (finding the rules governing civil appeals apply to proceedings under the Act). In this case, the trial court entered an order revoking defendant's conditional release on June 15, 2010, and defendant did not file a postjudgment motion. Accordingly, under Illinois Supreme Court Rule 303(a) (eff. May 30, 2008), defendant's notice of appeal had to be filed with the clerk of the circuit court within 30 days after the June 15, 2010, judgment, which was July 15, 2010. Defendant failed to do so.

¶ 5 When a party fails to file a notice of an appeal within the 30-day time period, Illinois Supreme Court Rule 303(d) (eff. May 30, 2008) provides, in pertinent part, the following:

"On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the filing fee, filed in the *reviewing court* within 30 days after expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Emphasis added.)

In this case, defendant's request to file a late notice of appeal had to be filed with *this* court on or before Monday, August 16, 2010. See 5 ILCS 70/1.11 (West 2010) (providing if the last day of a time period falls on a Saturday or Sunday, the Saturday or Sunday is not included in the computation). On August 5, 2010, defendant mailed his proposed late notice of appeal and accompanying documents to the trial court, which received the documents on

August 23, 2010. The trial court then mailed those documents to this court, and our clerk's office file-stamped them on August 27, 2010.

¶ 6    While the provision of Illinois Supreme Court Rule 373 (eff. Dec. 29, 2009), allowing for the date of mailing to be considered the filing date, may have applied to defendant's mailing of the request for leave to file a late notice of appeal, defendant mailed those documents to the trial court, not this court. Thus, under Rule 373, the August 5, 2010, mailing date cannot be treated as the date of filing of defendant's request in *this* court. Moreover, Illinois Supreme Court Rule 365 (eff. Feb. 1, 1994), which provides for the transfer of a case to the proper reviewing court when the case has been appealed to the wrong court, also does not apply in this case to make defendant's notice timely. Here, defendant did not file his late notice of appeal in the wrong reviewing court but, instead, filed it in the circuit court. Our conclusion is supported by this court's prior decision in *Swinkle v. Illinois Civil Service Comm'n*, 387 Ill. App. 3d 806, 810-11, 903 N.E.2d 746, 749-50 (2009), where we held Rule 365 did not apply to an analogous situation where the petitioner mistakenly delivered his notice of appeal to this court before the expiration of the due date when the supreme court rule required it to be filed in the circuit court. We explained our holding as follows:

> "Rule 365 would have required transfer to the correct court had petitioner timely filed his notice of appeal *in the circuit court* but wrongly stated he was seeking review in the supreme court or an incorrect district of the appellate court. [Citations.] Instead, petitioner failed to deliver his notice of appeal as required on time to *the office of the circuit court clerk*. [Citation.]" (Emphases in original.) *Swinkle*, 387 Ill. App. 3d at 811, 903 N.E.2d at 750.

¶ 7    Since the 30-day period of Rule 303(d) had expired when defendant filed his request for leave to file a late notice of appeal in this court, we did not have jurisdiction to entertain defendant's August 27, 2010, request for leave to file a late notice of appeal. Accordingly, this court's grant of defendant's request to file a late notice of appeal was "improvident and improper" (*People v. DeTienne*, 17 Ill. App. 3d 708, 709-10, 309 N.E.2d 38, 39-40 (1974)), and thus we vacate our August 30, 2010, order allowing the request.

¶ 8    An appellate court's power attaches only upon compliance with the supreme court rules governing appeals, and as stated, this court lacks the authority to excuse the failure to comply with the filing requirements of such rules. *People v. Lyles*, 217 Ill. 2d 210, 216, 840 N.E.2d 1187, 1191 (2005). Since this case lacks a valid notice of appeal, we do not have jurisdiction over the case.

¶ 9    For the reasons stated, we dismiss defendant's appeal.

¶ 10    Appeal dismissed.

¶ 11    JUSTICE COOK, dissenting:

¶ 12    I respectfully dissent. Defendant mailed his request to file a late notice of appeal on August 5, 2010, but he mailed it to the trial court. That should not be a problem. Under

Illinois Supreme Court Rule 365 (eff. Feb. 1, 1994), an appeal filed in the wrong court shall be transferred to the proper court and treated as if properly filed in that court. *People v. White*, 333 Ill. App. 3d 777, 780, 776 N.E.2d 836, 838 (2002). The request to file a late notice of appeal had to be filed on or before August 16, 2010, but it was not file-stamped in our clerk's office until August 27, 2010. Under the date of mailing rule, however, if a notice of appeal is received after the due date, the time of mailing is deemed to be the time of filing. Ill. S. Ct. R. 373 (eff. Dec. 29, 2009). I would not expand our rule in *Swinkle* to the situation where a *pro se* incarcerated defendant files a request to file a late notice of appeal in the trial court, where the notice of appeal would have been filed. In *Swinkle* the petitioner filed his notice of appeal in the appellate court, rather than the circuit court, as required by Illinois Supreme Court Rule 303(a) (eff. May 30, 2008). *Swinkle*, 387 Ill. App. 3d at 810, 903 N.E.2d at 749.