In the

# United States Court of Appeals
### For the Seventh Circuit

No. 15-1028

JOSEPH RUTLEDGE,

*Plaintiff-Appellant,*

*v.*

ILLINOIS DEPARTMENT OF HUMAN SERVICES, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 14 C 8943 — **Rebecca R. Pallmeyer**, *Judge.*

SUBMITTED APRIL 14, 2015 — DECIDED MAY 5, 2015

Before POSNER, FLAUM, and ROVNER, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, a military veteran who claims to have serious psychiatric problems, was fired by his employer, the Illinois Department of Human Services. He sued the Department, alleging that it had fired him in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), which forbids discrimination on the basis of disability by agencies, such as the Illinois Department, that receive federal money. The suit makes other claims, and

names other defendants, as well—indeed the first defendant named in his complaint was the Illinois Department of Children and Family Services, not the Department of Human Services. But the only claim that the plaintiff is pursuing on appeal is his disability claim under the Rehabilitation Act.

The district judge dismissed the entire suit without waiting for a motion or answer by the defendants, on the alternative grounds that the plaintiff had failed to state a claim for which the law could provide a remedy and that his claim was untimely. The Department of Human Services was not served with process and hasn't responded to the suit in either the district court or this court. The facts recited in this opinion (other than those concerning the plaintiff's disability, which are substantiated by medical and official records) are therefore merely allegations made in the complaint as subsequently amplified in a document that the plaintiff filed in response to the judge's order to show cause why the complaint should not be dismissed for failure to state a claim. We shall treat all the plaintiff's allegations as true for the purpose of deciding whether, if they are true, the complaint should not have been dismissed before the Department responded to it.

The plaintiff has suffered from post-traumatic stress disorder ever since his service in the Vietnam War, and has been diagnosed with schizophrenia, bipolar disorder, and depression. In 2004 the Department of Veterans Affairs declared him 100 percent disabled. Despite that, the Illinois Department of Human Services hired him that year as a "certified nurse assistant residential case worker" and assigned him to a residential facility operated by the Department for children and young adults with severe physical

disabilities. Two years later, he claims, a young resident of the facility, angry about an order that he gave the resident and joined by members of the resident's family, assaulted the plaintiff with an iron pipe and baseball bats. The Department suspended him on the complaint of the resident's family and may or may not (as we'll see) have subsequently discharged him on the basis of an investigation by the Illinois Department of Children and Family Services that resulted in a preliminary finding that he had committed child abuse and neglect. The finding of child abuse was later retracted, however, and it was after that retraction, in 2014, that he sued.

The district judge's first ground of dismissal was that the complaint failed to state "a basis for the conclusion that … disability had anything to do with the discharge decision." That's incorrect. The plaintiff alleges that his discharge ostensibly for neglect was actually motivated by his being disabled—alleges in other words that neglect was a pretext.

The judge's second ground was that the finding by the Department of Veterans Affairs that the plaintiff was 100 percent disabled meant that he "was unable to perform his job [for the Illinois Department of Human Services] as a residential case worker, with or without accommodation, at any time after 2004" (the date of the VA's determination). That's wrong too. A veteran is deemed totally disabled if he suffers from an impairment that would "render it impossible for the *average* person to follow a substantially gainful occupation," even if the veteran applying for benefits is able, through exceptional ability or exertion, to work full time. 38 C.F.R. § 4.15 (emphasis added); *Veterans Benefits Manual* §§ 3.1.1.2, 5.1.3 (Barton F. Stichman et al., eds., 2014 ed.).

There is no paradox in a person deemed totally disabled by the Social Security Administration or the Department of Veterans Affairs or some other agency nevertheless wanting, finding, and holding a job, whether out of desperation or by extraordinary effort or because his employer feels sorry for him or because the agency that found him totally disabled was mistaken in thinking that his physical or mental ailments, even if very serious, were *totally* disabling.

The Illinois Department of Human Services must have believed, despite the plaintiff's VA disability rating and extensive history of mental illness, that he could do the job they hired him for. Why else would they have hired him? As we noted recently, "A disabled person may want to work, may seek work, and in some cases may land work. We've noted cases in which although the claimant is not only working but also earning a decent wage he really is permanently disabled from engaging in gainful activity. Maybe his boss feels desperately sorry for him and is retaining him on the payroll even though he is incapable of working. That act of charity ought not be punished by denying the employee benefits and thus placing pressure on the employer to retain an unproductive employee indefinitely. Maybe a seriously disabled worker is able to work only by dint of his extraordinary determination and the extraordinary assistance extended to him by kindly fellow workers." *Voigt v. Colvin*, 781 F.3d 871, 876–77 (7th Cir. 2015), quoting *Jones v. Shalala*, 21 F.3d 191, 192 (7th Cir. 1994) (citations omitted). These comments were made, moreover, without reference to an employer's duty to provide a "reasonable accommodation" necessary to enable a disabled person to work. 42 U.S.C. § 12112(b)(5)(A); *Brumfield v. City of Chicago,* 735 F.3d 619, 630 (7th Cir. 2013); *Wisconsin Community Services, Inc. v. City*

*of Milwaukee*, 465 F.3d 737, 747 (7th Cir. 2006). For all we know, the Department of Human Services either made such an accommodation to enable the plaintiff to work as an assistant nurse or didn't think he needed it in order to be able to do that work.

For completeness we note that the Social Security Administration, unlike the Veterans Administration, will cut off all disability benefits if a person whom it had determined to be totally disabled obtains "substantial gainful employment." Office of Social Security, *2015 Redbook,* "When Will Your Benefits Stop?" www.ssa.gov/redbook/eng/returning-to-work.htm#a0=2 (visited April 30, 2015). We don't know, however, whether the Administration would classify as *substantial* gainful employment a job in which the recipient of social security disability benefits receives the kind of charitable indulgence by employer or coworkers discussed in our *Voigt* and *Jones* opinions.

We turn to whether the plaintiff's claim is barred by Illinois' two-year statute of limitations for personal-injury suits, 735 ILCS 5/13-202, which we've held—for example in *Conley v. Village of Bedford Park,* 215 F.3d 703, 710 n. 5 (7th Cir. 2000)—to apply to suits filed in Illinois under section 504 of the Rehabilitation Act. The plaintiff sued eight years after his suspension. But it is unclear whether he was discharged until shortly before he sued—indeed he may not yet have been formally discharged though we doubt that he's any longer receiving a salary.

Much of the eight-year period was consumed by an investigation by the Illinois Department of Children and Family Services that ended in 2014 with the dismissal of the child-abuse charge against the plaintiff. We don't know when the

Department of Human Services changed his suspension to a discharge. But even if that happened more than two years before he sued, the statute of limitations may have been tolled until shortly (or at least within two years) before he was cleared of the child-abuse charge by the investigation that the Department of Children and Family Services conducted, and administrative review of his employment status was therefore complete. In the case of many Illinois state employees, discharge requires a hearing, written approval by the director of the employing agency, and judicial review of the director's division. Ill. Administration Code, title 80, §§ 1.300, 302.705, 302.720, 302.750; *Swinkle v. Illinois Civil Service Commission*, 903 N.E.2d 746, 748 (Ill. App. 2009); *Illinois Department of Revenue v. Illinois Civil Service Commission*, 827 N.E.2d 960, 974–75 (Ill. App. 2005). So it can take a long time for a discharge to ripen, though we don't know whether these provisions were applicable to this plaintiff. That is an issue for the district court to explore on remand.

We affirm the dismissal of all the plaintiff's claims except his claim under the Rehabilitation Act, and all the defendants other than the Illinois Department of Human Services, but we reverse the dismissal of that claim and that defendant and remand for further proceedings consistent with this opinion. We express no view of the ultimate merit or timeliness of the Rehabilitation Act claim.

Because the defendant hasn't been served with process, the district judge should direct that the acting secretary of the Illinois Department of Human Services be served. And because the issues remaining in play are factually and legally complex we suggest that the district judge consider re-

cruiting counsel for the plaintiff, who thus far has been proceeding pro se.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.