NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017[*]
Decided March 8, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-2951

| | |
|---|---|
| BALDEMAR UGARTE AVILA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 9061 |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, *Defendant-Appellee*. | Robert M. Dow, Jr., *Judge*. |

## O R D E R

Baldemar Ugarte Avila appeals the dismissal of his claims that his employer, the Illinois Department of Human Services, violated his rights under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as well as his collective bargaining agreement by failing to reasonably accommodate his back condition. The district court concluded that Avila

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. *See* FED. R. APP. P. 34(a)(2)(B).

"pleaded himself out of court" by pleading facts—and attaching exhibits—which showed that his claims were time-barred. We affirm.

As set forth in his complaint, Avila, a caseworker at the Department, developed a lower back condition that made him "unable to sit for long on hard seats or seats not well cushioned," as required by his job. He requested new cushioned chairs in November 2002, but that request was denied, so he filed charges the following month with the EEOC. More than two years later, in January 2005, he filed charges again with the EEOC as well as with the Illinois Department of Human Rights. He alleged that he received final agency decisions from the EEOC in January 2003 and 2005, both decisions concluding—in Avila's words—that his issue was "outside of their jurisdiction." He filed this suit in October 2015.

The district court dismissed Avila's complaint on statute-of-limitations grounds. With regard to his ADA claim, the court concluded that Avila pleaded himself out of court by pleading facts that showed he did not file his complaint within 90 days of January 22, 2003, the date he reported receiving notice of the EEOC's decision. *See* 42 U.S.C. § 2000e–5(f)(1). The court also concluded that Avila's discrimination claim under the Rehabilitation Act was barred by the applicable two-year statute of limitations (which began to run in October 2003, when he allegedly was suspended in discriminatory fashion). *See Rutledge v. Ill. Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (explaining that Illinois' two-year statute of limitations for personal-injury suits also applies to suits filed in Illinois under of the Rehabilitation Act). As alternative grounds for dismissal, the court determined that (1) Avila failed to state a claim under either of the two statutes, and (2) it lacked jurisdiction over any claim brought by Avila relating to the interpretation of the union's collective bargaining agreement with the State—such claims are governed by the Illinois Public Relations Act, 5 ILCS 315/1 *et seq.*, and fall under the jurisdiction of the Illinois Labor Relations Board. Finally, the court noted that Avila's requests for punitive and liquidated damages were moot because his claims were time-barred, and in any event neither would be an available remedy in the action.

On appeal Avila maintains that his claims are not time-barred and that he filed charges with the EEOC "many years earlier," but this explanation does not undermine the court's finding that he failed to file (1) his ADA claim within 90 days of receiving notice of the EEOC's decision or (2) his Rehabilitation Act claim within two years of his final agency decision. Avila also challenges the district court's finding that the punitive and liquidated damages he seeks are not available, but this argument is foreclosed by

his claims being untimely. In short, Avila has failed to develop any argument that would provide a basis to disturb the district court's judgment. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardiman*, 241 F.3d 544, 545–46 (7th Cir. 2001). We have reviewed the record and affirm for substantially the reasons stated by the district court.

AFFIRMED.