2022 IL App (1st) 170641-U

FIFTH DIVISION
April 29, 2022

No. 1-17-0641

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 25174 |
| | ) | |
| JAMES HARRIS, | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: We grant appellate counsel's motion to withdraw, vacate the order granting defendant leave to file a late notice of appeal, and dismiss defendant's appeal because we lack jurisdiction over the appeal.

¶ 2    Defendant James Harris appeals from the circuit court's denial of his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)).

¶ 3    Following a 2003 jury trial, defendant was found guilty of the first degree murder of Donta Henson and sentenced to 21 years' imprisonment. On direct appeal, defendant argued that (1) the State misstated its burden of proof during closing arguments; (2) the court inadequately admonished him regarding the preservation of sentencing issues for appeal; and (3) the compulsory extraction of his DNA pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2002)) violated the fourth amendment. We affirmed. *People v. Harris*, No. 1-04-3246 (2005) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4    In 2007, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2006)), arguing that (1) the trial court erred when it ordered a jury trial outside of defendant's presence; (2) the evidence supported a conviction for second degree murder rather than first degree murder; and (3) the trial court violated due process where it did not admonish him regarding a three-year term of mandatory supervised release (MSR) following his prison sentence. The circuit court summarily dismissed defendant's petition. We affirmed and granted appellate counsel's motion for leave to withdraw as counsel. *People v. Harris*, No. 1-07-1398 (2008) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5    From 2009 through 2016, defendant filed a series of unsuccessful collateral challenges; many attacked the legality of the MSR. Defendant did not appeal the denials of relief.

¶ 6    On November 2, 2016, defendant filed the underlying *pro se* petition for relief from judgment arguing that his three-year term of MSR was unconstitutional as applied because it required him "to serve more time" than the sentence imposed.

¶ 7    On December 16, 2016, the circuit court denied defendant's petition, finding his MSR claim was both barred by *res judicata* and meritless. On January 19, 2017, defendant mailed a

notice of appeal to the circuit court, which was received on January 24, 2017. The court found the notice of appeal untimely and informed defendant he could seek an order allowing a late notice of appeal from this appellate court.

¶ 8     Defendant then filed a motion for leave to file a late notice of appeal in this court, which was file-stamped March 14, 2017. The notarized proof of service stated that he mailed the motion to this court on March 8, 2017. In the motion and attached affidavit, defendant stated his notice of appeal from the December 2017 judgment was late because he did not receive notice that the court denied his petition until January 13, 2017. He stated that he arranged to file the notice of appeal as soon as possible. On March 22, 2017, a motion panel of this court granted defendant's late notice of appeal.

¶ 9     On December 20, 2018, the Office of the State Appellate Defender, which represents defendant on appeal, filed a motion for leave to withdraw as appellate counsel, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and a memorandum in support thereof. Copies of counsel's motion and memorandum were mailed to defendant. Defendant was also informed that he may file with this court a written explanation of why he thinks there are meritorious issues in his appeal. Defendant did not respond.[1]

¶ 10    After carefully reviewing the record in light of counsel's motion and memorandum, we conclude that we lack jurisdiction over defendant's appeal and must dismiss it.

¶ 11    A reviewing court has an independent duty to consider jurisdictional issues regardless of whether a party raises them. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "The timely filing of a

---

[1] For unknown reasons, this case was not assigned to an author or panel until September 2, 2021. This court regrets the delay in processing this appeal.

notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and must dismiss it. *Smith*, 228 Ill. 2d at 104.

¶ 12    Section 2-1401 of the Code provides a civil remedy which extends to criminal cases. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Although a section 2-1401 petition is filed in the same proceeding in which the final order or judgment was entered, it is not a continuation of the original action. 735 ILCS 5/2-1401(b) (West 2016). Rather, it is a new cause of action subject to the rules of civil procedure. *People v. Abdullah*, 2019 IL 123492, ¶ 13; see also *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 4 (supreme court rules governing civil appeals, rather than supreme court rules governing criminal appeals, apply in civil proceedings).

¶ 13    Illinois Supreme Court Rule 303 (eff. July 1, 2017) provides that, in a civil case, a party seeking to appeal a final judgment must file a notice of appeal within 30 days after the entry of the final judgment or entry of the last pending post judgment motion directed against that judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A party seeking to appeal the final judgment after the 30-day period expires may file a motion for leave to file a late notice of appeal in the reviewing court "within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(d) (eff. July 1, 2017). When computing a statutory time requirement, the first day is excluded and the last day is included, although the last day and any successive day is excluded if it is a weekend or holiday. 5 ILCS 70/1.11 (West 2016).

¶ 14    "If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing," with proof of mailing "as provided in Rule 12." Ill. S. Ct. R. 373 (eff. July 1, 2017). Rule 12 provides that, for service by mail by a *pro se* litigant residing

in a correctional facility, proof of mailing is made by certification under section 1-109 of the Code, "stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017).

¶ 15    Here, the circuit court denied defendant's section 2-1401 petition on December 16, 2016, and defendant did not file a post judgment motion. Because January 16, 2017, was a court holiday, the 30-day period to file a notice of appeal from that order expired on January 17, 2017. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); 5 ILCS 70/1.11 (West 2016). The 30-day period to file a motion for leave to file a *late* notice of appeal expired on February 17, 2017. Ill. S. Ct. R. 303(d) (eff. July 1, 2017). Defendant's motion for leave to file a late notice of appeal is file-stamped March 14, 2017. His proof of service shows he mailed his motion on March 8, 2017. Thus, his motion was untimely under Rule 303(d). While defendant stated that he did not receive notice that the circuit court denied his petition until January 13, 2017, our supreme court has instructed that "the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura*, 232 Ill. 2d at 217-18. Accordingly, we lacked jurisdiction to grant his motion for leave to file late notice of appeal and must dismiss the appeal.

¶ 16    We therefore grant counsel's motion to withdraw, vacate the order granting defendant leave to file a late notice of appeal, and dismiss the appeal. This disposition is without prejudice to defendant's ability to seek a supervisory order from the Illinois Supreme Court permitting him to file a late notice of appeal.

¶ 17    Order vacated; appeal dismissed.