2026 IL App (2d) 250323-U
No. 2-25-0323
Order filed May 18, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

WINFORD BRYANT, Defendant-Appellant.

Appeal from the Circuit Court of Lake County.
Honorable James K. Booras, Judge, Presiding.
No. 04-CF-2014

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We lack jurisdiction over this appeal because the notice of appeal was not timely filed and the time has passed for defendant to seek to file a late notice of appeal. Therefore, we grant appellate counsel's motion to withdraw, and we dismiss this appeal.

¶ 2    Defendant, Winford Bryant, appeals from an order of the circuit court of Lake County denying his *pro se* petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)) for relief from his convictions of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2004)) and attempted first degree murder (*id.* §§ 8-4(a), 9-1(a)(1)).  The Office of the State Appellate Defender (OSAD) was appointed to represent defendant, but counsel assigned to the case moved to withdraw, contending that we lacked jurisdiction over the appeal.

We denied the motion without prejudice. Counsel subsequently filed an amended motion, contending again that this appeal must be dismissed for lack of jurisdiction. We agree and therefore grant counsel's motion and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4     On May 5, 2025, defendant filed his section 2-1401 petition. On May 6, 2025, the State filed a written motion to dismiss or deny the petition. The record does not show that the motion was served on defendant. The trial court heard the motion on May 8, 2025. Defendant was incarcerated and not present at the hearing. After the trial court indicated that it was granting the State's motion, the prosecutor asked whether the court wanted a written order prepared. The court responded, "Yes, so the clerk can notify the defendant." The order denying the petition was filed on May 9, 2025. There is no indication in the record that defendant was notified that his petition was denied. On June 23, 2025, defendant wrote to the clerk to inquire about the status of his petition. On July 25, 2025, defendant filed an unsigned notice of appeal from the order denying the petition. On July 29, 2025, trial court appointed OSAD to represent defendant, and the clerk filed a notice of appeal on defendant's behalf from the order denying the petition.

¶ 5     On December 8, 2025, appellate counsel moved to withdraw per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993). In his motion, counsel stated that he read the record and found no issue of arguable merit. Counsel further stated that he advised defendant of his opinion. Counsel supported his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lacked arguable merit. We advised defendant that he had 30 days to respond to the motion, but he did not do so. In the motion, counsel contended that defendant's notice of appeal was untimely and that there were no grounds for seeking leave to file the late notice of appeal. Counsel based his jurisdictional

argument on Illinois Supreme Court Rule 606 (eff. Apr. 15, 2024), which governs the perfection of appeals in criminal cases. Rule 606(b) provides that, generally, the party's notice of appeal must be filed within 30 days after the entry of the final judgment from which the party appeals. Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024). However, under Rule 606(c), a party may seek leave to file a late notice of appeal:

> "[O]n motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." Ill. S. Ct. R. 606(c) (eff. Apr. 15, 2024).

¶ 6 Counsel contended that defendant's July 2025 notice of appeal was untimely under Rules 606(b) and (c). Counsel further explained that he found no meritorious basis for the appeal and therefore sought to withdraw rather than attempt to perfect the appeal under Rule 606(c), which was applicable 30 days after, but within 6 months of, the notice of appeal's original due date.

¶ 7 Counsel's argument assumed that Rule 606 applies to an appeal from the denial of a section 2-1401 petition challenging a criminal conviction. Although relief under section 2-1401 is available in criminal cases, that provision creates a civil remedy. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Thus, because we were unwilling to accept counsel's assumption, we denied the motion to withdraw without prejudice to counsel filing a new motion to withdraw addressing the source

- 3 -

of our jurisdiction over this appeal. Our order denying the motion to withdraw further provided, "If counsel chooses to file a new motion to withdraw, that motion shall[ ] *** indicate whether defendant was notified of the order from which this appeal is taken and, if not, whether the lack of notice has any jurisdictional significance." *People v. Bryant*, No. 2-25-0323 (Jan. 28, 2026) (unpublished minute order).

¶ 8    Counsel filed an amended motion to withdraw, and we advised defendant that he had 30 days to respond to the amended motion. Defendant did not file a response, and the time for doing so has lapsed. In the amended motion, counsel now asserts that Illinois Supreme Court Rule 303 (eff. July 1, 2017), governing civil appeals, applies here. Counsel again argues that we lack jurisdiction.

¶ 9                                        II. ANALYSIS

¶ 10    It is well established that " '[t]he timely filing of a notice of appeal is both jurisdictional and mandatory.' " *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 3 (quoting *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009)). "Unless the appealing party has properly filed a notice of appeal, a reviewing court lacks jurisdiction over the appeal and must dismiss it." *Id.* Moreover, we may not address the merits of an appeal over which we lack jurisdiction. *Cf. People v. Vara*, 2018 IL 121823, ¶ 30 ("Where the appellate court has addressed the merits of a case over which it had no jurisdiction, we must vacate that court's judgment and dismiss the appeal.").

¶ 11    Leaving aside, for the moment, the question of whether the civil or criminal appeal rules apply to this case, we encourage appointed attorneys representing defendants in criminal appeals to *promptly* move to withdraw if the sole reason for refraining from moving to file a late notice of appeal under Rule 606(c) is counsel's belief that there is no meritorious basis for an appeal.

Preliminary appellate review of the merits, in the context of a motion to withdraw, is preferable to a unilateral decision by counsel to forego filing a Rule 606(c) motion, thereby foreclosing any possibility of an appeal. A prompt motion to withdraw enables us to assess counsel's determination that an appeal would lack merit while time remains to overcome the defendant's failure to file a timely notice of appeal. We are therefore troubled by how long it took counsel to file his motion to withdraw in this case. If Rule 606 applied here, the motion to withdraw would have served little purpose; it was filed on the last day on which to file a Rule 606(c) motion, making it a practical impossibility for us to consider whether any arguably meritorious issue exists before the opportunity to perfect an appeal was irretrievably lost.

¶ 12    Moving to our analysis of counsel's amended motion to withdraw, we note, again, that section 2-1401 creates a civil remedy. Accordingly, as counsel now argues in his amended motion to withdraw, appeals from rulings on section 2-1401 petitions are governed by the rules applicable to civil appeals. Rule 303(a) provides that, generally, the notice of appeal must be filed within 30 days after the entry of the final judgment from which the party appeals. Ill. S. Ct. R. 303(a) (eff. July 1, 2017). Analogously to Rule 606(c), Rule 303(d) allows the reviewing court to accept an untimely notice of appeal:

> "On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing. ***." Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 13    Here, the judgment in question—the denial of defendant's section 2-1401 petition—was filed on May 9, 2025, and the notice of appeal was due on June 9, 2025.  The time for filing a motion to file the notice of appeal under Rule 303(d) expired 30 days later, on July 8, 2025.

¶ 14    Because defendant filed neither a timely notice of appeal nor a timely motion under Rule 303(d), we lack jurisdiction.  OSAD was not appointed until after the time to file a Rule 303(d) motion had expired, so there was nothing counsel could have done to invoke our jurisdiction.  Defendant's failure to file a timely notice of appeal or Rule 303(d) motion is not surprising, given that nothing in the record suggests that defendant was notified of the denial of his petition within the time for doing so.  However, as counsel notes in his amended motion to withdraw, delay in notifying a party of an adverse judgment does not toll the period for filing a notice of appeal.  See *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122, 126-27 (1990).

¶ 15    Although we lack the power to excuse defendant's failure to file a timely notice of appeal, our supreme court's supervisory authority empowers it to reinstate this appeal.  See *People v. Lyles*, 217 Ill. 2d 210, 217 (2005).  Defendant may apply to the supreme court for such relief if he so wishes.

¶ 16                                  III. CONCLUSION

¶ 17    For the reasons stated, we grant counsel's motion to withdraw and we dismiss this appeal.

¶ 18    Appeal dismissed.